**ESTATE OF HOOD, Appellant,**

v.

**ROSE et al., Appellees.**

[Cite as *Hood v. Rose*, 153 Ohio App.3d 199, 2003-Ohio-3268.]

Court of Appeals of Ohio,
Fourth District, Jackson County.

No. 02CA16.

Decided June 18, 2003.

Cox & Associates, L.P.A., and Donald A. Cox, for appellant.

Mann & Preston L.L.P., and Toni L. Eddy, for appellee State Farm Mutual Automobile Insurance Company.[1]

KLINE, Judge.

{¶ 1} B. Viola Hood ("Hood") appeals from the judgment of the Jackson County Court of Common Pleas, which granted the motion of State Farm Mutual Automobile Insurance Company ("State Farm") for summary judgment. Hood claims that R.C. 3937.44 is unconstitutional. We disagree. Accordingly, we affirm the judgment of the trial court.

I

{¶ 2} The parties do not dispute the relevant facts. On or about May 28, 1999, Floyd M. Rose negligently drove his automobile, causing it to collide with a

---

1. The record reflects that appellant served a copy of her complaint upon the Ohio Attorney General as required by R.C. 2721.12. The Attorney General filed a notice of reservation of rights and appearance, but elected not to participate in the proceedings.

separate automobile, driven by Ralph M. Hood. Both Mr. Hood and Mr. Rose died as a result of the accident. Mr. Hood's survivors include his wife, B. Viola Hood, and his adult son. State Farm issued Mr. Rose's automobile insurance policy, and paid Hood, as executor of her husband's estate, $25,000, the stated limit of bodily injury liability coverage for each person, for her husband's wrongful death.

{¶ 3} Hood filed a wrongful death complaint seeking to collect insurance proceeds, on behalf of herself and decedent's adult son, for the wrongful death of her husband. In her complaint, Hood alleged that she and decedent's son are each entitled to recover up to $25,000 under the "each person" limitation in the tortfeasor's liability policy and are collectively subject to the $50,000 "each accident" limit. Hood further alleged that R.C. 3937.44 is an unconstitutional limit on the damages recoverable for wrongful death or, in the alternative, that the policy limits for "each person" and "each accident" are ambiguous. Consequently, Hood claimed that State Farm should pay the policy's higher "each accident" limit for her wrongful death claim.

{¶ 4} State Farm, however, raised affirmative defenses alleging that it already paid Hood pursuant to the terms and provisions of a release executed by Hood, and that Hood asserted no claim or cause of action upon which she could collect damages in excess of $25,000.

{¶ 5} Hood filed a motion for summary judgment, wherein she advanced her argument that R.C. 3937.44 is an unconstitutional limit of the right to recover wrongful death damages. Hood challenged R.C. 3937.44 as a violation of the Separation of Powers, Due Process, and "right to a remedy" Clauses of the U.S. and/or Ohio Constitutions. State Farm filed a cross-motion and reply to Hood's motion, arguing that R.C. 3937.44 is constitutional and that its policy language unambiguously limits claims such as Hood's to the $25,000 "each person" policy limit.

{¶ 6} The trial court rejected Hood's constitutional challenge and granted State Farm's motion for summary judgment, finding that other courts have rejected similar constitutional arguments. Hood filed a timely notice of appeal, and presents the following assignments of error:

{¶ 7} "I. The trial court erred in granting summary judgment to Defendant.

{¶ 8} "II. Ohio Revised Code Section 3937.44 is unconstitutional."

II

{¶ 9} In her first assignment of error, Hood contends that State Farm's insurance policy does not clearly and unambiguously restrict all the claims of the beneficiaries under the wrongful death statute to the "each person" limit. We

note that Hood failed to raise this issue below, either in her motion for summary judgment or in a response to State Farm's motion for summary judgment.

{¶ 10} We have previously held that "[i]t is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal." *Mark v. Mellott Mfg. Co., Inc.* (1995), 106 Ohio App.3d 571, 589, 666 N.E.2d 631, citing *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 220, 574 N.E.2d 457, overruled on other grounds in *Collins v. Sotka* (1998), 81 Ohio St.3d 506, 692 N.E.2d 581. "More specifically, a party who does not respond to an adverse party's motion for summary judgment may not raise issues on appeal that should have been raised in a response to the motion for summary judgment." *Haas v. Indus. Comm.* (Dec. 21, 1999), Franklin App. No. 99AP–475, 1999 WL 1221525, citing *Maust v. Meyers Products, Inc.* (1989), 64 Ohio App.3d 310, 313–314, 581 N.E.2d 589; *Schlack v. CSX Transp., Inc.* (Feb. 5, 1996), Warren App. No. CA95–09–092, 1996 WL 42333; see, also, *Bradley v. Kijauskus* (Mar. 26, 1998), Cuyahoga App. No. 72481, 1998 WL 141188 (failure to raise issue in any responsive pleading to a summary judgment waives the issue for appellate purposes).

{¶ 11} In its cross-motion for summary judgment, State Farm specifically asserted that its policy language was sufficient to limit its liability in this case, in light of R.C. 3937.44. If Hood wished to argue that the policy language was insufficient to limit State Farm's liability, she should have presented her argument below. Because Hood failed to raise this issue below, it is not properly before us, and we decline to consider it on appeal. Accordingly, we overrule Hood's first assignment of error.

### III

{¶ 12} In her second assignment of error, Hood challenges the constitutionality of R.C. 3937.44. Below, Hood challenged the statute on the grounds of separation of powers, due process, and right to a remedy. On appeal, Hood seeks to challenge the statute on equal protection grounds as well. As Hood's constitutional claim is a matter of law, we review it de novo. *Long Beach Assn., Inc. v. Jones* (1998), 82 Ohio St.3d 574, 576, 697 N.E.2d 208, citing *Ohio Bell Tel. Co. v. Pub. Util. Comm.* (1992), 64 Ohio St.3d 145, 147, 593 N.E.2d 286.

{¶ 13} In support of her argument that R.C. 3937.44 is unconstitutional, Hood cites Section 19a, Article I of the Ohio Constitution, which provides that "[t]he amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law." Hood notes that in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, the Ohio Supreme Court held that a liability insurer may not treat

the claims of all wrongful death beneficiaries as a single claim. Id. at 504, 620 N.E.2d 809. However, in response to the Supreme Court's ruling in *Savoie*, the Ohio General Assembly enacted Am.Sub.S.B. No. 20 ("S.B. 20"), which included the enactment of R.C. 3937.44 expressly authorizing insurance policy provisions that treat all claims arising out of one person's bodily injury as a single claim.

{¶ 14} In enacting S.B. 20, the legislature clearly and unequivocally stated that its intention was to supersede the Supreme Court's holding in *Savoie*. See Section 10, S.B. 20. Hood argues that this enactment, specifically reversing a holding of the Ohio Supreme Court, constitutes an improper legislative usurpation of the judiciary's power.

{¶ 15} We begin our constitutional analysis by noting two well-established legal principles. The first principle is that "[s]tatutes are presumed to be constitutional unless shown beyond a reasonable doubt to violate a constitutional provision." *Beagle v. Walden* (1997), 78 Ohio St.3d 59, 61, 676 N.E.2d 506, citing *Fabrey v. McDonald Police Dept.* (1994), 70 Ohio St.3d 351, 352, 639 N.E.2d 31. The second principle is that "[t]he legislature is the primary judge of the needs of the public welfare, and this court will not nullify the decision of the legislature except in the case of a clear violation of a state or federal constitutional provision." Id., citing *Williams v. Scudder* (1921), 102 Ohio St. 305, 131 N.E. 481, paragraphs three and four of the syllabus; *Savoie*, 67 Ohio St.3d at 515, 620 N.E.2d 809.

{¶ 16} Hood would have us find R.C. 3937.44 unconstitutional based upon the Supreme Court's ruling in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062. However, the facts of *Sheward* are distinguishable from the facts at issue here. The Ohio Supreme Court found the legislation at issue in *Sheward* to intrude upon judicial power "by declaring itself constitutional, by reenacting legislation struck down as unconstitutional, and by interfering with th[e] court's power to regulate court procedure * * *." Id. at 462, 715 N.E.2d 1062.

{¶ 17} In *Sheward* the Supreme Court stated that, in enacting Am.Sub.H.B. No. 350, the General Assembly sought to usurp the court's constitutional authority by refusing to recognize cases that held that the General Assembly was constitutionally barred from depriving a claimant of a right to a remedy before the claimant knew or should have known of an injury. Id. at 476, 715 N.E.2d 1062. In contrast, the Supreme Court's holding in *Savoie*, which the legislature sought to invalidate with S.B. 20, was grounded in public policy considerations, as expressed by the legislature and the court—*not* in constitutional prohibitions. *Savoie*, 67 Ohio St.3d at 504–505, 620 N.E.2d 809.

{¶ 18} In *Beagle*, the Ohio Supreme Court addressed a certified question for the United States District Court for the Northern District of Ohio, Eastern

Division, regarding a similar constitutional challenge to the uninsured and underinsured motorist provisions of S.B. 20. A plurality of the court noted that "[i]nterpretation of the state and federal Constitutions is a role exclusive to the judicial branch. In the absence of a constitutional concern, however, the judiciary's function is to interpret the law as written by the General Assembly. ' "[T]he legislature is the final arbiter of public policy, unless its acts contravene the state or federal Constitutions." ' " Id., 78 Ohio St.3d at 62, 676 N.E.2d 506, quoting *State v. Smorgala* (1990), 50 Ohio St.3d 222, 224, 553 N.E.2d 672, and *State v. Kavlich* (1986), 33 Ohio App.3d 240, 246, 515 N.E.2d 652 (Markus, C.J., concurring separately).

{¶ 19} In *Beagle*, the plurality further noted that the court's decision in *Savoie* relied upon a judicial interpretation of the legislative purpose behind R.C. 3937.18 and not constitutional considerations. The plurality then found that "[t]he interpretation of R.C. 3937.18(A)(2) advanced in *Savoie* did not meet with legislative approval. It was the General Assembly's prerogative to redress its dissatisfaction with new legislation." *Beagle*, 78 Ohio St.3d at 63, 676 N.E.2d 506, citing *Hearing v. Wylie* (1962), 173 Ohio St. 221, 223, 19 O.O.2d 42, 180 N.E.2d 921, overruled on other grounds in *Village v. Gen. Motors Corp.* (1984), 15 Ohio St.3d 129, 131, 15 OBR 279, 472 N.E.2d 1079.

■ {¶ 20} Similarly, we find that, in *Savoie*, the Supreme Court found that policy provisions that purport to consolidate and/or limit wrongful death damages were unenforceable because they "directly violate the policy expressed by the General Assembly and this court." *Savoie*, 67 Ohio St.3d at 504, 620 N.E.2d 809. As the legislature is the final arbiter of public policy, we find that the General Assembly was free to enact prospective legislation to further its legitimate public policy objectives. Such legislation does not usurp judicial power but exemplifies our government's system of checks and balances. We, therefore, reject Hood's separation-of-powers argument.

■ {¶ 21} Hood next argues that R.C. 3937.44 violates the Due Process Clauses of the United States and Ohio Constitutions. Hood also argues that the statute violates the "right to a remedy" provision of the Ohio Constitution, which provides: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. * * *" Section 16, Article I of the Ohio Constitution. The essence of Hood's argument is that by eliminating the remedy that the Supreme Court provided in *Savoie*, the General Assembly has deprived her of her right to a meaningful recovery and, therefore, denied her due process. Because these arguments are interrelated, we address them together.

{¶ 22} This court has previously addressed a "right to a remedy" challenge to R.C. 3937.44, involving a loss-of-consortium claim, in the case of *Francis v. McClandish* (Apr. 19, 1999), Athens App. No. 98CA21, 1999 WL 266680. In *Francis,* we noted that the " 'Right to a Remedy' provision prohibits the denial of a 'meaningful remedy' that would leave an injured plaintiff without legal recourse." Id., citing *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 426, 633 N.E.2d 504. We held that "[i]n order for R.C. 3937.44 to be unconstitutional, its operation must result in a 'serious infringement of a clearly preexisting right to bring suit.' R.C. 3937.44 has no effect on an injured plaintiff's ability to 'bring suit' for redress. The statute merely allows insurance policies to limit the scope of their coverages in a manner that restricts certain claims to the single per person policy limit applicable to the person suffering bodily injury. The statute has no effect on the availability of a cause of action for loss of parental consortium; rather, it allows an insurance company to limit the amounts recoverable from such a claim." (Citations omitted.) Id., quoting *Fabrey,* 70 Ohio St.3d at 355, 639 N.E.2d 31.

{¶ 23} We find that R.C. 3937.44 does not infringe upon Hood's right to bring suit, nor does it place any limit upon the damages Hood may recover as a result of her husband's wrongful death. The statute merely permits the insurance company to limit the liability it contractually assumes on behalf of its insured. The insured tortfeasor remains personally responsible for any damages in excess of his policy limits. The fact that an individual tortfeasor may have few assets does not justify saddling his insurer with liability beyond that which it contractually agreed to assume.

{¶ 24} Hood's due process argument presumably relies upon a belief that her entitlement to wrongful death benefits is a fundamental right, for which a governmental deprivation would be subject to strict scrutiny. See, e.g., *Sorrell,* 69 Ohio St.3d at 423, 633 N.E.2d 504, citing *Natl. Assn. for Advancement of Colored People v. Alabama ex rel. Patterson* (1958), 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488. Even if recovery of damages for a wrongful death were a fundamental right, Hood has not demonstrated that R.C. 3937.44, as enacted by S.B. 20, limits the exercise of that right.

{¶ 25} As noted by the Tenth District Court of Appeals, "Am.Sub.S.B. No. 20 neither affirmatively deprives wrongful death beneficiaries of a meaningful right to a remedy, nor limits the amount of damages a wrongful death plaintiff may recover in a civil action. Rather, the challenged statutory provisions merely permit an insurance company to set forth in the insurance policy limits on the amount beneficiaries may recover from the insurance company pursuant to the contractual entitlement created by the policy. Because Am.Sub.S.B. No. 20 does not limit the exercise of a discernable constitutional right, plaintiffs' substantive

due process challenge must fail." *Carrier v. State Farm Mut. Auto. Ins. Co.* (Sept. 16, 1999), Franklin App. No. 98AP–1291, 1999 WL 717297. We agree with the Tenth District. Consequently, we hold that R.C. 3937.44 does not deprive Hood of her right to a remedy, and, therefore, the statute does not infringe upon her constitutional right to due process.

{¶ 26} Hood's final constitutional argument is that R.C. 3937.44 has somehow deprived her of equal protection of the law. Hood did not raise this issue in her motion for summary judgment below. Therefore, this issue is not properly before us. While we decline to address Hood's equal protection argument, we note that other courts have rejected similar arguments. See, e.g., *Beagle,* 78 Ohio St.3d 59, 676 N.E.2d 506; *Ackerman v. State Farm Mut. Auto. Ins. Co.* (Dec. 10, 1999), Hamilton App. No. C–990332, 1999 WL 1127297 (First Appellate District); *Wilson v. Metro. Ins. Co.* (Sept. 12, 1997), Montgomery App. No. 15951, 1997 WL 568023 (Second Appellate District); *Kleinsmith v. Allstate Ins. Co.* (Dec. 22, 2000), Richland App. No. 00CA14–2, 2000 WL 1901452, affirmed by 92 Ohio St.3d 218, 749 N.E.2d 295 (Fifth Appellate District); *Maletz v. State Auto. Mut. Ins. Co.* (Nov. 8, 2000), Medina App. No. 2991–M, 2000 WL 1675045 (Ninth Appellate District); *Carrier v. State Farm Mut. Auto. Ins. Co.* (Sept. 16, 1999), Franklin App. No. 98AP–1291, 1999 WL 717297 (Tenth Appellate District); *Estate of Kulka v. Progressive Ins. Co.* (Apr. 11, 2003), Portage App. No. 2001–P–0133, 2003-Ohio-1880, 2003 WL 1871001 (Eleventh Appellate District). Accordingly, we overrule Hood's second assignment of error.

## IV

{¶ 27} In conclusion, we find that the parties have stipulated to the relevant issues of material fact in this case, and the only issue properly before this court is the constitutionality of R.C. 3937.44. Based upon the foregoing, we find that R.C. 3937.44 is constitutional. Accordingly, we overrule Hood's two assignments of error, and we affirm the judgment of the trial court.

Judgment affirmed.

HARSHA and PETER B. ABELE, JJ., concur.