OPINION
{¶ 1} Appellants, Mr. Richard J. Ference and Mr. Thomas Moore, appeal from the judgment entered by the Trumbull County Court of Common Pleas. The trial court granted a motion for summary judgment filed by appellee, Great Lakes Window, Inc.
 {¶ 2} In 1988, appellee approached Resash, Inc. about extending credit to Resash, Inc. to sell appellee's products to Resash, Inc. At that time, Ference and *Page 2 
Moore were the president and vice president, respectively, of Resash, Inc. Resash, Inc. filled out an application for credit with appellee. At the bottom of this document, in fine print, is a clause indicating that the signatories will be personally liable for any and all debt of the applicant. Below the clause, Resash, Inc. is listed as the company and, below that, Ference and Moore signed the document.
 {¶ 3} Appellee filed a complaint against Resash, Inc., Ference, and Moore. The complaint alleged that Resash, Inc. had a past-due balance of $95,815.36 on an open account with appellee. Further, the complaint alleged that Ference and Moore were liable for the debt due to personal guarantees. Defendants filed an answer to appellee's complaint, wherein they denied the allegations.
 {¶ 4} Appellee filed a motion for summary judgment. Appellee attached several documents to its motion for summary judgment, including: a copy of the credit application, a copy of Resash, Inc.'s account balance with appellee, and an affidavit from Michael Johnston. Johnston is appellee's financial services manager. In his affidavit, Johnston states that Resash, Inc. owes an account balance of $95,815.36 and that Ference and Moore are guarantors of the debt.
 {¶ 5} Defendants filed a response to appellee's motion for summary judgment. In their response, the defendants concede that the language of the contract is unambiguous. However, they assert that the contract was a result of mutual mistake, in that the parties did not intend for Ference and Moore to be personally liable for the debt. Defendants attached an affidavit from Gary Winkler to their response. Gary Winkler was employed by appellee from 1986 to 1996 and was vice president of appellee from 1989 to 1996. He states he was the representative of appellee who met with Ference and Moore regarding the credit application. He states the credit application was only for *Page 3 
the purpose of extending credit to Resash, Inc. and that he never represented to Moore or Ference that they would be personally liable for any debt.
 {¶ 6} The trial court granted appellee's motion for summary judgment. The trial court entered judgment in favor of appellee and against Resash, Inc., Moore, and Ference, jointly and severally, in the amount of $95,815.36, plus interest. Moore and Ference filed a notice of appeal of the trial court's judgment entry. Resash, Inc. has not appealed the trial court's judgment entry and is not a party to this appeal.
 {¶ 7} In this court, appellants filed a motion for stay of execution of judgment pending appeal. This court granted appellants' motion for a stay, conditioned upon the posting of a $125,000 supersedeas bond with the clerk of courts. A review of the trial court's docket indicates that this bond has not been posted. Thus, the stay never went into effect.
 {¶ 8} Appellants raise the following assignment of error:
 {¶ 9} "The trial court erred in granting summary judgment in favor of Great Lakes Window, Inc. and against Thomas S. Moore and Richard J. Ference."
 {¶ 10} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party.[2]
The standard of review for the granting of a motion for summary judgment is de novo.[3] *Page 4 
 {¶ 11} In Dresher v. Burt, the Supreme Court of Ohio set forth a burden-shifting exercise to occur in a summary judgment determination. Initially, the moving party must point to evidentiary materials to show that there are no genuine issues of material fact and they are entitled to judgment as a matter of law.[4] If the moving party meets this burden, a reciprocal burden is placed on the nonmoving party to show that there is a genuine issue of fact for trial.[5]
 {¶ 12} The following language appeared on the credit application, in fine print, immediately above the location where Ference and Moore signed their names:
 {¶ 13} "The undersigned authorizes Great Lakes Window Corporation to take appropriate measures to determine the credit-worthiness of the undersigned business to which credit may be extended, and the undersigned further releases Great Lakes Window Corporation from any and all obligations, restrictions and liabilities imposed by law or otherwise with respect to the obtaining of credit information concerning the undersigned business.
 {¶ 14} "The undersigned, jointly and severally, in consideration of Great Lakes Window Corporation's ("Seller") extensions of credit to the above named company, does hereby personally and individually guarantee to Seller the payment of and assumes personal liability for any and all obligations which are or may become due and owing to Seller, its successors and assigns, by the above named company in connection with the extension of credit to said company in connection with the sale of seller's goods to the above named company." *Page 5 
 {¶ 15} Ference is listed as the president of Resash, Inc. on the credit application. Moore is listed as the vice president on the credit application. However, neither individual's title appears next to his signature. In addition, both Moore and Ference signed the document immediately below the clause indicating they would be personally liable. The First Appellate District has held "[a] corporate officer who signs a contract in a way that indicates personal liability is personally liable, regardless of his or her intent."[6] In this matter, appellants both signed their names in a way that suggests they would be personally liable.
 {¶ 16} Further, appellants concede the terms of the contract regarding the personal guarantees are unambiguous. Where the terms of a contract are unambiguous, extrinsic evidence may not be used to determine the parties' intent.[7]
 {¶ 17} Appellants allege they are not personally liable under the contract due to the doctrine of mutual mistake. They claim that, despite the language in the contract to the contrary, the parties did not intend for appellants to be personally liable.
 {¶ 18} "This court recognizes the doctrine of mutual mistake as a ground for the recession of a contract under certain circumstances. InIrwin v. Wilson,[8] we held that a buyer is entitled to rescission of a real estate purchase contract where there is a mutual mistake as to a material part of the contract and where the complaining party is not negligent in failing to discover the mistake. A mistake is material to a contract when it is `a mistake * * * as to a basic assumption on which the contract was made (that) has a *Page 6 
material effect on the agreed exchange of performances.'[9] Thus, the intention of the parties must have been frustrated by the mutual mistake."[10]
 {¶ 19} The Tenth Appellate District has held that a party is negligent where they fail to read the contract and note any errors prior to signing it.[11] The court held that such negligence negates a subsequent claim of mutual mistake.[12] In this matter, appellants' negligence in failing to read the contract terms precludes their current argument that there was a mutual mistake.
 {¶ 20} In addition, even if we were to hold that appellants could assert a claim of mutual mistake, they have not set forth any evidence to demonstrate that it was the parties' clear intent that appellants should not be personally bound by the contract. The only evidence appellants submitted was Winkler's affidavit. Winkler's affidavit does not reveal that the parties intended that Ference and Moore would not be personally liable. Winkler states that he did not represent to Ference and Moore that they would be personally liable. However, his lack of a representation regarding this topic is irrelevant in light of the contract language that clearly states they would be personally liable. Simply stated, Winkler's failure to say anything to appellants regarding their potential personal liability fails to equate with saying that they would not be personally liable. Also, Winkler states that the only purpose of the contract was to determine if Resash, Inc. would be extended credit. However, this statement, even when viewed in a light most favorable to appellants, fails to indicate that it was the parties' intent not to have *Page 7 
Moore and Ference be personally liable on the account. The extension of credit clearly was predicated, at least in part, on the unambiguous language of the application setting forth the personal guarantee.
 {¶ 21} Appellants failed to set forth evidence that it was the not the parties' intent that appellants would be personally liable on the account.
 {¶ 22} Next, appellants argue that appellee failed to put forth any evidence regarding its apparent name change. Appellants argue that the credit application was with "Great Lakes Window Corporation," while the instant lawsuit was brought by "Great Lakes Window, Inc."
 {¶ 23} Initially, we note that the contract indicated that Moore and Ference would be personally liable to Great Lakes Window Corporation and its "successors and assigns." More importantly, appellants failed to raise this issue at the trial court level. Appellee correctly notes that this court has held:
 {¶ 24} "It is well-established that a litigant's failure to raise an issue with the trial court waives the litigant's right to raise that issue on appeal.[13] More specifically, if during a summary judgment exercise, the nonmoving party fails to raise an issue when responding to the moving party's motion for summary judgment, the nonmoving party has waived that issue on appeal.[14] "[15]
 {¶ 25} Since appellants failed to raise this issue at the trial court level, they are precluded from advancing it at this time.
 {¶ 26} Appellants' assignment of error is without merit. *Page 8 
 {¶ 27} The judgment of the trial court is affirmed.
CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur.
[1] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[2] Civ.R. 56(C).
[3] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[4] Dresher v. Burt, 75 Ohio St.3d at 293.
[5] Id.
[6] Vulcan Corp. v. Freeland, 1st Dist. No. C-050637, 2006-Ohio-4033, at ¶ 11, citing Spicer v. James (1985), 21 Ohio App.3d 222, 223.
[7] Kopp v. Bank One, NA, 11th Dist. No. 2002-L-025, 2003-Ohio-64, at ¶ 16, citing State ex rel. Parsons v. Fleming (1994),68 Ohio St.3d 509.
[8] Irwin v. Wilson (1887), 45 Ohio St. 426.
[9] 1 Restatement of the Law 2d, Contracts (1981), 385, Mistake, Section 152(1).
[10] Reilley v. Richards (1994), 69 Ohio St.3d 352, 352-353.
[11] Hadden Co., L.P.A. v. Del Spina, 10th Dist. No. 03AP-37, 2003-Ohio-4507, at ¶ 16.
[12] Id.
[13] Hood v. Rose, 153 Ohio App.3d 199, 2003-Ohio-3268, at ¶ 10.
[14] (Secondary citations omitted.) Id. at ¶ 10.
[15] Arrich v. Moody, 11th Dist. No. 2004-T-0100, 2005-Ohio-6152, at ¶ 26. *Page 1