DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal involves a motion for class certification in an action brought by Jacqueline Parker and the estate of Corinne M. Reed (collectively, "estate") against John Hadley and Hadley Funeral Home, Inc. (collectively, "Hadley defendants"). After the trial court granted the estate's motion for class certification, the Hadley defendants appealed and the estate cross-appealed. The Hadley defendants argue the court erred in granting certification under Civ.R. 23(B)(1) because the estate did not seek class certification under that subsection. We agree. The burden of establishing that all the prerequisites to class certification have been met rests with the estate. Because the estate presented no evidence or arguments in support of class certification under Civ.R. 23(B)(1), the court abused its discretion by certifying the action under that subsection. *Page 2 
 {¶ 2} The Hadley defendants also argue the court erred in granting certification under Civ.R. 23(B)(2), which deals primarily with injunctive or declaratory relief, because the estate's action seeks primarily monetary damages. Because the estate did not present any evidence or arguments to support Civ.R. 23(B)(2) certification of subclasses one and three, it did not satisfy its burden as to those subclasses. Furthermore, even if the estate had presented evidence and arguments addressing this issue, it would have been unable to satisfy its burden since its primary request for relief as to subclasses one and three is damages, not injunctive relief. For these reasons, we conclude the court abused its discretion in certifying subclasses one and three under Civ.R. 23(B)(2). As for subclass two, we conclude the Hadley defendants' failure to raise their arguments concerning Civ.R. 23(B)(2) certification of subclass two in the trial court results in waiver of those arguments for purposes of appeal. Thus, we conclude the court did not abuse its discretion in certifying subclass two under Civ.R. 23(B)(2).
 {¶ 3} In its cross-appeal, the estate argues the court abused its discretion in failing to grant certification under Civ.R. 23(B)(3). Initially, the estate contends the court erred in concluding that a class action is not superior to other methods of adjudication because of the difficulties involved in notifying all of the class members. We agree. The estate will be able to identify many of the class members using the funeral home and probate court records. Thus, the estate will be able to provide many class members with individual notice. As for those members that the estate is unable to identify, Civ.R. 23(C)(2) only requires the estate to provide them with "the best notice practicable under the circumstances * * *." Because there is no basis for the court's finding, we conclude the court abused its discretion in determining that Civ.R. 23(B)(3) *Page 3 
certification is inappropriate because of the difficulties involved in notifying all of the class members.
 {¶ 4} The estate also argues the court erred in concluding that it did not have enough information to find that a class action is the superior method of adjudication. The estate argues that proper application of the superiority standard establishes that a class action is the superior method of adjudication. However, a class action will be superior to other methods of adjudication only if the common issues predominate over individual issues. Because the court in this case did not address the predominance requirement, we must remand this matter to the trial court for consideration of the predominance and superiority requirements.
 I. Facts {¶ 5} This is the second time we have considered the issue of class certification in this case. Our previous opinion contains a detailed discussion of the factual and procedural background. See Estate of Reedv. Hadley, 163 Ohio App.3d 464, 2005-Ohio-5016, 839 N.E.2d 55. Here we present only those facts necessary to an understanding of this appeal.
 {¶ 6} In April 1991, Corinne Reed entered into a pre-need funeral contract with Hadley Funeral Home. At the same time she entered into the contract, Mrs. Reed purchased a life insurance policy from Forethought Life Insurance Company ("Forethought") through a Hadley Funeral Home agent. The life insurance policy's death benefit was payable to Hadley Funeral Home for use towards Mrs. Reed's funeral expenses. Mrs. Reed also established a savings account that was payable on death to Hadley Funeral Home to further offset any funeral expenses. *Page 4 
 {¶ 7} Mrs. Reed's pre-need funeral contract included a "statement of funeral goods and services" that consisted of two main parts: "guaranteed funeral goods and services" and "non-guaranteed cash advance items". The guaranteed funeral goods and services included those items provided by the funeral home, such as the funeral service, casket, and burial container. The non-guaranteed cash advance items included those items provided by third parties, such as the flowers, obituary notices, clergy honorarium, and grave opening and closing. The "total guaranteed funeral price" for the funeral goods and services selected by Mrs. Reed was $4,601, while the "allowance for cash advance items" totaled $262.80. Thus, according to the contract, "the total guaranteed and non-guaranteed funeral price" was $4,863.80.
 {¶ 8} Mrs. Reed passed away on May 3, 2001. After her burial, Hadley Funeral Home provided her daughter, Jacqueline Parker, with an itemized statement of the goods and services provided. The statement totaled $6,654.31 — $5,404.00 for the funeral service package, casket, and vault, and $1,057.00 for the cash advance items, including vault delivery, copies of the death certificate, grave preparation, and flowers. Hadley Funeral Home received benefits from the Forethought policy in the amount of $6,658.50 ($6,654.31 for the funeral costs and $4.19 in interest). Mrs. Reed's two daughters received the remaining benefits, which totaled $35.18 ($35.16 plus $.02 in interest). Hadley Funeral Home also refunded the money in the savings account to Mrs. Reed's daughters.
 {¶ 9} In April 2003, the estate filed a complaint against the Hadley defendants. In the complaint, the estate asserted both individual and class claims. The class claims arose from Hadley Funeral Home's use of pre-need funeral contracts and included *Page 5 
claims for breach of contract, breach of fiduciary duty, and violations of the Ohio Consumer Sales Practices Act ("CSPA").
 {¶ 10} Along with the complaint, the estate also filed a motion seeking class certification under Civ.R. 23(B)(2) and (B)(3). The estate sought relief for "all persons (including an estate, heir, legatee or personal representative who is a successor in interest to such person now deceased) who at any time on or after April 29, 1988 did or will enter any transaction with defendants for the pre-need purchase of specific funeral goods or services at specified prices." The estate also proposed the creation of three subclasses in order to allow for the different statutes of limitations and types of remedies available. Proposed subclass one included "all class members to whom defendants did not provide one or more goods or services specified in, or charged or retained any amount in excess of a guaranteed price as specified in, the pre-need contract with defendants." Proposed subclass two included "all class members who (1) did or will enter any transaction with defendants for the pre-need purchase of specific funeral goods or services at specified prices at any time on or after April 29, 2001, or who (2) were at any time on or after April 29, 2001 billed for goods or services provided by defendants under any pre-need contract of this type, whenever consummated." Proposed subclass three included "all class members (1) who entered the transaction on or after April 29, 2001, or (2) as to whom at any time on or after April 29, 2001, defendants did not provide one or more goods or services specified in, or charged or retained any amount in excess of a guaranteed price specified in, any pre-need contract with defendants." *Page 6 
 {¶ 11} In October 2004, the trial court denied the estate's motion for class certification. However, on appeal, we concluded that the court applied an erroneous analysis when it determined that class certification was improper. See Estate of Reed, 163 Ohio App.3d 464, at ¶ 41. Therefore, we reversed the court's decision and remanded the matter to the trial court with instructions to apply the Civ.R. 23 factors to determine if class certification is warranted.
 {¶ 12} Subsequently, in January 2006, the trial court issued a new decision. The court concluded that the estate had satisfied the first six requirements for class certification under Civ.R. 23. It then proceeded to consider whether the proposed action fell within one of the three subsections set forth in Civ.R. 23(B). After reviewing the evidence, the court concluded that the estate had satisfied the requirements of both subsection (B)(1) and subsection (B)(2). Accordingly, the court granted the motion for class certification.
 {¶ 13} The Hadley defendants now appeal the court's judgment granting class certification and raise a single assignment of error. The estate has filed a cross-appeal, raising two assignments of error.
 II. Assigned Errors A. The Hadley Defendants' Assignment of Error The lower court abused its discretion when it granted class certification because it failed to properly analyze and apply the requirements of Civil Rule 23(B) in that it:
 (1) Found that the Appellees failed to prove the requirements of Rule 23(B)(3), but granted certification anyway;
 (2) Granted certification pursuant to Rule 23(B)(1) even though the Appellees did not move for class certification on that basis; and
 (3) Granted certification pursuant to Rule 23(B)(2) even though the Appellees are primarily seeking monetary damages. *Page 7 
 B. The Estate's Assignments of Error 1. The lower court did not apply the proper Rule 23 legal standards and utilized incorrect standards, and/or acted unreasonably in failing to grant Rule 23(B)(3) certification because of worries about class certification, since:
 (1) providing first-class mail notice will not be an unusually difficult Rule 23(B)(3) class management problem here. The number of absent members will not exceed a few thousand, and the record proves most of the information required to provide appropriate notice is centrally available from defendants' business records;
 (2) while the trial court must approve and oversee the provision of class notice, the onus and expense of providing class notice will fall on class counsel, not upon the trial court or the defendants; and
 (3) the trial court did not properly apply Rule 23's standards for determining superiority, since it did not take into account the absent members' overriding interest in collective adjudication of their claims, which outweighs the administrative burden associated with the routine class management task of providing notice to a moderately-sized plaintiff class.
 2. The lower court abused its discretion when it failed to grant Rule 23(B)(3) certification on the basis that it "did not have enough information" to find that a class action is superior to other methods of adjudicating absent member claims, in that proper application of the Rule 23(B)(3) superiority standards to the complaint and the facts the trial court found established the superiority of the class action device.
 III. Law {¶ 14} Trial courts possess broad discretion in determining whether to certify a case as a class action. Marks v. C.P. Chem. Co. (1987),31 Ohio St.3d 200, 509 N.E.2d 1249, syllabus. Therefore, we will not reverse a trial court's decision certifying a class action absent an abuse of discretion. See Vinci v. American Can Co. (1984),9 Ohio St.3d 98, 459 N.E.2d 507, paragraph one of the syllabus. In applying this standard, courts generally give more scrutiny to the process or analysis the court uses in reaching its decision than they do to the ultimate result. In other words, our review is more *Page 8 
"process" oriented than merit related. See The Substance of Appeals, Standards of Appellate Review, Harsha, Ohio Lawyer, November/December 2003, at 14.
 {¶ 15} To conduct a proper analysis, a trial court must address seven criteria before a case may be certified as a class action under Civ.R. 23. Warner v. Waste Mgt., Inc. (1988), 36 Ohio St.3d 91,521 N.E.2d 1091, paragraph one of the syllabus. Two of the prerequisites are implicitly required by Civ.R. 23: (1) there must be an unambiguous and identifiable class, and (2) the class representatives must be members of the class. Id. at 96. The other five prerequisites are expressly set forth in the rule. Civ.R. 23(A) sets forth four of the requirements: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." The final requirement is set forth in Civ.R. 23(B), which requires a finding that the action falls within one of three subsections:
 (1) the prosecution of separate actions by or against individual members of the class would create a risk of
 (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or
 (b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.
 (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or *Page 9 
 (3) the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. * * *.
 {¶ 16} The party seeking to maintain a class action has the burden of demonstrating that all factual and legal prerequisites to class certification have been met. Gottlieb v. South Euclid,157 Ohio App.3d 250, 2004-Ohio-2705, 810 N.E.2d 970, at ¶ 11, citing Gannon v.Cleveland (1984), 13 Ohio App.3d 334, 335, 469 N.E.2d 1045. A trial court may certify a class action only if it finds, after a rigorous analysis, that the moving party has satisfied all the requirements of Civ.R. 23. See Hamilton v. Ohio Sav. Bank, 82 Ohio St.3d 67, 70,1998-Ohio-365, 694 N.E.2d 442.
 IV. The Propriety of Class Certification {¶ 17} The Hadley defendants do not challenge the trial court's decision concerning the first six requirements for class certification. However, they argue the court erred in its analysis of the requirements of Civ.R. 23(B)(1) and (B)(2).
 A. Civ.R. 23(B)(1) Requirements {¶ 18} The Hadley defendants argue the court erred in certifying the action under Civ.R. 23(B)(1) because the estate did not seek class certification under that subsection. The estate acknowledges that it did not seek certification under Civ.R. 23(B)(1). However, the estate contends that certification under this subsection does not prejudice the Hadley defendants because they had an opportunity to address the facts at issue. And since the Hadley defendants admit to the practice[1]
that formed the basis *Page 10 
for the court's Civ.R. 23(B)(1) certification, "no fair opportunity to challenge the facts was otherwise necessary."
 {¶ 19} The party seeking to maintain a class action bears the burden of establishing the prerequisites to class certification. SeeGottlieb, 157 Ohio App.3d 250, at ¶ 11. Hence, certification under Civ.R. 23(B)(1) is proper only if the estate has established that the proposed action satisfies the requirements of that subsection.
 {¶ 20} The estate sought class certification only under Civ.R. 23(B)(2) and (B)(3). At no time did the estate present any evidence or arguments in support of certification under Civ.R. 23(B)(1). In its decision, the trial court concluded that the estate had satisfied the requirements of both Civ.R. 23(B)(1)(a) and (B)(1)(b). However, the estate did not meet the requirements of either of these subsections. Because the estate did not present any evidence or arguments in support of Civ.R. 23(B)(1) certification, the estate failed to satisfy its burden of establishing that the proposed action met the requirements of that section of the rule.
 {¶ 21} The estate argues that although it did not seek certification under Civ.R. 23(B)(1), certification under this subsection does not prejudice the Hadley defendants. However, an opportunity to address the facts at the center of the dispute is not the same as an opportunity to address the issue of Civ.R. 23(B)(1) certification. Admitting to the practice that is the basis for the proposed action is not an acknowledgement that Civ.R. 23(B)(1) certification is appropriate. The two issues are separate and distinct. The record in this case indicates that the Hadley defendants had no notice that class certification under Civ.R. 23(B)(1) was at issue. By certifying the proposed action under subsection (B)(1), a subsection neither pled nor argued by the estate, the court denied *Page 11 
the Hadley defendants the opportunity to present arguments in opposition. The denial of this opportunity prejudiced the due process rights of the Hadley defendants.
 {¶ 22} The estate bore the burden of establishing that the proposed action satisfied the requirements of Civ.R. 23(B)(1). Because the estate presented no evidence or arguments in support of class certification under Civ.R. 23(B)(1), we conclude the trial court abused its discretion by certifying the proposed action under that subsection. Accordingly, we sustain this portion of the Hadley defendants' assignment of error.
 B. Civ.R. 23(B)(2) Requirements {¶ 23} The Hadley defendants also argue the court erred in certifying the action under Civ.R. 23(B)(2). They contend the estate's action seeks primarily damages and that the request for injunctive relief is secondary to the claim for damages. They also contend the court failed to find that the class was cohesive, a requirement for class certification under Civ.R. 23(B)(2).
 {¶ 24} Civ.R. 23(B)(2) applies when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." This rule entails two requirements. First, the action must primarily seek injunctive relief. Wilson v. Brush Wellman, Inc., 103 Ohio St.3d 538,2004-Ohio-5847, 817 N.E.2d 59, at ¶ 13. Civ.R. 23(B)(2) is inapplicable where the primary relief sought is damages. Marks, 31 Ohio St.3d at 203. Second, the class must be cohesive. Wilson at ¶ 13. Because unnamed members are bound by the action without the opportunity to *Page 12 
opt out, a Civ.R. 23(B)(2) class generally requires more cohesiveness than a Civ.R. 23(B)(3) class. Id. at ¶ 24.
 {¶ 25} Initially, the estate asserts that the Hadley defendants did not oppose its request for Civ.R. 23(B)(2) certification. The estate argues the Hadley defendants' failure to oppose Civ.R. 23(B)(2) certification in the trial court prevents them from challenging it on appeal. We agree. Although the Hadley defendants opposed class certification throughout the trial court proceedings, they did not present any specific arguments as to certification under Civ.R. 23(B)(2). Thus, they have waived the issue. See Hood v. Rose,153 Ohio App.3d 199, 2003-Ohio-3268, ¶ 10.
 C. Lack Of An Affirmative Finding As To Civ.R. 23(B)(3) {¶ 26} In their final argument, the Hadley defendants argue that an affirmative finding as to Civ.R. 23(B)(3) is necessary to grant class certification in this case. They argue the court should have denied class certification because it found that the estate failed to satisfy the requirements of Civ.R. 23(B)(3).
 {¶ 27} Essentially, the Hadley defendants argue the court could grant class certification in this case only under Civ.R. 23(B)(3). However, class certification is appropriate if the action falls within one of thethree subsections set forth in Civ.R. 23(B). See Civ.R. 23(B). We have previously determined that the trial court did not abuse its discretion in certifying the class under Civ.R. 23(B)(2). Based on this, we conclude that the lack of an affirmative finding as to Civ.R. 23(B)(3) does not prevent the court from granting certification in this case. Because we find no merit in the Hadley defendants' argument, we overrule this portion of their assignment of error. *Page 13 
 D. Summary {¶ 28} We conclude the court abused its discretion in certifying the action under Civ.R. 23(B)(1). However, in light of the waiver, we conclude the court did not abuse its discretion in certifying the class under Civ.R. 23(B)(2). Therefore, we sustain in part and overrule in part the Hadley defendants' assignment of error.
 {¶ 29} Having addressed the sole assignment of error raised in the Hadley defendants' appeal, we must now consider the two assignments of error raised in the estate's cross-appeal.
 V. The Estate's Assignments of Error {¶ 30} In its cross-appeal, the estate argues that the court abused its discretion in failing to certify the action under Civ.R. 23(B)(3). Initially, the estate argues the court erred in concluding that a class action is not superior to other methods of adjudication because of the difficulties surrounding class notice. In addition, the estate argues the court erred in concluding that it did not have enough information to support a finding of superiority as required by Civ.R. 23(B)(3).
 A. Civ.R. 23(B)(3) Requirements {¶ 31} In order to certify a class action under Civ.R. 23(B)(3), the trial court must make two findings: (1) "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Civ.R. 23(B)(3). See, also, In reConsol. Mtge. Satisfaction Cases, 97 Ohio St.3d 465, 2002-Ohio-6720,780 N.E.2d 556, at ¶ 7. *Page 14 
 {¶ 32} "The purpose of Civ.R. 23(B)(3) was to bring within the fold of maintainable class actions cases in which the efficiency and economy of common adjudication outweigh the interests of individual autonomy."Hamilton, 82 Ohio St.3d at 80. In addition, Civ.R. 23(B)(3) "was expected to be particularly helpful in enabling numerous persons who have small claims that might not be worth litigating in individual actions to combine their resources and bring an action to vindicate their collective rights." Hamilton, citing 7A Wright, Miller Kane, Federal Practice and Procedure (2 Ed.1986) 518, Section 1777. As the United States Supreme Court explained: "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.'" AmchemProds., Inc. v Windsor (1997), 521 U.S. 591, 617, 117 S.Ct. 2231, 2245,138 L.Ed2d 689, quoting Mace v. Van Ru Credit Corp. (C.A.7, 1997), 109 F.3d 338, 344.
 1. The Predominance Requirement {¶ 33} The parties disagree about the meaning of the trial court's decision concerning the predominance requirement. The Hadley defendants argue the court concluded that the estate failed to satisfy that requirement. The estate, however, argues the court found that it had satisfied that requirement.
 {¶ 34} Having reviewed the court's decision, we conclude the court did not address the predominance requirement. In its decision, the court set forth separate findings as to the six threshold requirements. The court then discussed the three *Page 15 
subsections set forth in Civ.R. 23(B)(3). In discussing Civ.R. 23(B)(3), the court did not mention the predominance requirement. Rather, the court focused on the superiority requirement. Specifically, the court stated:
 As to Civil Rule 23(B)(3), the Court does not know of any previous litigation regarding these contracts and these Defendants, and therefore does not know the extent or the nature of any litigation concerning this controversy that has already been commenced by members of the class. It would be difficult to notify all of the members of the class. It appears to the Court that these are contracts that would only have been breached upon the demise of one of the parties to the contract. As many of these contracts are many years old, it would be difficult to determine who the heirs at law, the legatees or real party in interest may be. The Court does not have enough information to make a finding of fact to support Civil Rule 23(B)(3).
 {¶ 35} The estate argues that we must assume the court found that the predominance requirement had been satisfied because the court did not make an express finding to the contrary. We disagree. Civ.R. 23(B)(3) is written in the conjunctive. Thus, a court may grant class certification under Civ.R. 23(B)(3) only if it finds that the proponent has satisfied the predominance requirement and the superiority requirement. See Civ.R. 23(B)(3). Presumably, the court did not address the predominance requirement because it found that the estate had failed to satisfy the superiority requirement.
 2. The Superiority Requirement {¶ 36} Civ.R. 23(B)(3) sets forth four factors to consider in determining whether a class action is the superior method of adjudication: (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the *Page 16 
litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. See Civ.R. 23(B)(3). See, also, In re Consol. Mtge. SatisfactionCases, 97 Ohio St.3d 465, at ¶ 13.
 The Estate's First Assignment Of Error {¶ 37} In its first assignment of error, the estate argues the court erred in concluding that class certification under Civ.R. 23(B)(3) is inappropriate because of the difficulties involved in notifying all of the class members. The estate argues that providing notice to the class members will not be unusually difficult since most of the necessary information is available from the funeral home's business records. Additionally, the estate contends that the class members' interest in the collective adjudication of their claims "outweighs the administrative burden associated with the routine class management task of providing notice to a moderately-sized plaintiff class."
 {¶ 38} In this case, the court apparently concluded that a class action is not superior to other methods of adjudication because of the difficulties likely to be encountered in the management of a class action. In particular, the court found that it would be difficult to provide notice to all of the class members. The court noted that the Hadley defendants' alleged breach of the contracts occurred only upon the death of the other party to the contract. The court indicated that it would be "difficult to determine who the heirs at law, legatees, or real parties in interest may be" since "many of the contracts are many years old * * *."
 {¶ 39} Civ.R. 23(C)(2) provides that in a class action under subsection (B)(3), "the court shall direct to the class the best notice practicable under the circumstances, including individual notice to all member who can be identified through reasonable *Page 17 
effort." Generally, the representative plaintiff is responsible for performing the tasks necessary to send class notice. Oppenheimer Fund,Inc. v. Sanders (1978), 437 U.S. 340, 356, 98 S.Ct. 2380, 2392,57 L.Ed.2d 253. Because identifying the class members is necessary in order to send notice, the representative plaintiff is generally responsible for performing this task.[2] See Id.
 {¶ 40} The evidence indicates that Hadley Funeral Home maintains extensive records relating to its pre-need funeral contracts. By using these records, the estate can identify those decedents whose beneficiaries were charged more than the price specified in the contract. The estate can also use the records to identify the decedents' family members. Mr. Hadley indicated that the funeral home's records contain the names and addresses of the family members that authorized the decedents' funeral services. In addition, some of the decedents had filled out a form entitled "Funeral Instructions" in which they listed their family members.
 {¶ 41} To supplement the information in the funeral home's records, the estate can also consult the probate court records. These court records will identify the decedents' heirs at law, legatees, or personal representatives and provide more recent addresses for these individuals. Thus, through the use of the funeral home records and the probate court records, the estate will be able to identify many of the class members. And while identification of the class members may require some time and effort on the estate's part, the task is not unduly difficult. *Page 18 
 {¶ 42} We recognize that due deference must be given to the court's decision since a trial court that routinely handles case-management problems "is in the best position to analyze the difficulties which can be anticipated in litigation of class actions." Marks,31 Ohio St.3d at 201. In this case, the court found that "[i]t would be difficult to notify all of the members of the class." However, Civ.R. 23(C)(2) does not require the estate to give individual notice to all of the class members. Rather, Civ.R. 23(C)(2) requires the estate to give "the bestnotice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." (Emphasis added.) The estate will be able to identify many of the class members using the funeral home and probate court records. Therefore, the estate will be able to provide many class members with individual notice. As for the class members that the estate is unable to identify, it need only provide those members with "the best notice practicable under the circumstances". See Civ.R. 23(C)(2). Because there is no basis for the trial court's finding, we conclude the court abused its discretion in determining that Civ.R. 23(B)(3) certification is inappropriate because of the difficulties involved in notifying all of the class members. Accordingly, we sustain the estate's first assignment of error.
 The Estate's Second Assignment Of Error {¶ 43} In its second assignment of error, the estate argues the court erred in concluding that it did not have enough information to find that a class action is the superior method of adjudication. The estate argues that proper application of the superiority standard to the evidence in the case establishes that a class action is superior to other methods of adjudication. *Page 19 
 {¶ 44} In finding that a class action is not the superior method of adjudication, the court focused on the difficulties involved in notifying all of the class members. However, we have concluded that the court abused its discretion in denying certification on this basis. The estate now asks us to conclude that the evidence before the court supported a finding that a class action is the superior method of adjudication.
 {¶ 45} To certify a class action under Civ.R. 23(B)(3), a trial court must find that both the predominance requirement and the superiority requirement have been met. See Civ.R. 23(B)(3). As previously noted, the court in this case did not address the predominance requirement. Thus, even if we were to find merit in the estate's argument, this would not result in certification under Civ.R. 23(B)(3) since the record lacks a finding of predominance. Additionally, although predominance and superiority are separate requirements, a finding of superiority necessarily depends upon a finding of predominance. If the common issues do not predominate over individual issues then clearly a class action will not be the superior method of adjudication. Because any finding of superiority requires an initial finding of predominance and the court in this case did not address predominance, we cannot review the estate's argument at this time. Instead, we must remand the matter to the trial court for consideration of the predominance and superiority requirements.
 {¶ 46} We note that our opinion does not require an affirmative finding as to either the predominance requirement or the superiority requirement. Rather, the trial court should consider the predominance and superiority requirements and determine whether Civ.R. 23(B)(3) certification is appropriate. When considering the predominance requirement, the court should look to our previous opinion for guidance. *Page 20 
See Estate of Reed, 163 Ohio App.3d 464, at ¶ 33. In that opinion, we indicated that the court should "examine the different contracts that potential class members signed with Hadley Funeral Home and determine whether the contract similarities outweighed their differences." Id.
 VI. Conclusion {¶ 47} We conclude the court abused its discretion in certifying the action under Civ.R. 23(B)(1) since the estate never sought certification under that section and failed to satisfy its burden as to that subsection. We conclude the Hadley defendants waived their arguments concerning Civ.R. 23(B)(2) certification by failing to raise the arguments in the trial court. Accordingly, we overrule in part and sustain in part the Hadley defendants' sole assignment of error.
 {¶ 48} Concerning the estate's cross-appeal, we conclude the trial court abused its discretion in determining that Civ.R. 23(B)(3) certification was inappropriate because of the difficulties involved in notifying all of the class members. Therefore, we sustain the estate's first assignment of error. As for the estate's second assignment of error, we find it necessary, given the current state of the record, to remand the matter to the trial court for consideration of the predominance and superiority requirements.
JUDGMENT AFFIRMED IN PART,
REVERSED IN PART AND
 CAUSE REMANDED. *Page 21 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART AND CAUSE REMANDED and that Appellees/Cross-Appellants and Appellants/Cross-Appellees split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] The practice referred to here is Hadley Funeral Home's practice of billing a beneficiary for the at-need retail price of the goods and services provided even when the pre-need funeral contract executed by the deceased specified a lower price.
[2] However, in Oppenheimer Fund, the United States Supreme Court held that Fed.R.Civ.P. 23(d) "authorizes a district court in appropriate circumstances to require a defendant's cooperation in identifying the class members to whom notice must be sent." Oppenheimer Fund,437 U.S. at 355, 98 S.Ct. at 2391-92. *Page 1