DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgments of the Lucas County Court of Common Pleas which granted the foreclosure action filed by appellee, Wade Kapszukiewicz, as Treasurer of Lucas County, Ohio, against Karl C. Maunz, Trustee, and ordered the property to be sold at sheriffs sale. For the reasons that follow, we affirm the decision of the trial court. *Page 2 
 {¶ 2} On July 8, 2005, appellee filed a complaint for foreclosure, due to unpaid real estate property taxes, on four parcels of property located in the city of Toledo. The complaint stated the descriptions for each parcel; the amount of taxes, assessments, penalties, interest and charges due, as certified on the original master list filed with the Lucas County Prosecuting Attorney by the Lucas County Auditor; the identity of each party who may have an interest in the property; and a prayer to have the property sold at sheriffs sale. The named defendants were Karl C. Maunz, Trustee, as property owner, Karl C. Maunz, individually, Mohr Variety Beverage Company ("Mohr Variety"), Nancy Bartley, Gray Brewing Company ("Gray Brewing"), the city of Toledo's Department of Public Utilities, and the city's Department of Economic Community Development.
 {¶ 3} On February 15, 2006, appellee sought summary judgment against Karl C. Maunz, Trustee. Appellee's motion described the parcels of property and stated that it sought foreclosure pursuant to R.C.5721.18(A); that the taxes had not been paid for more than one year after the certification of delinquency; and that the amount owed at the time of the motion was $34,908.21. The motion further stated that if Karl C. Maunz, individually, had an interest, he had denied all allegations in the complaint; that Mohr Variety protected its lease-hold interest in the real estate; that Gray Brewing and the department of public utilities protected their respective lien interests in the real estate; and that Bartley and the department of economic and community development were in default of answer or other pleadings. *Page 3 
 {¶ 4} On March 31, 2006, Maunz, as trustee, opposed appellee's motion for summary judgment on the bases that (1) the property was over-valued and, therefore, the assessed taxes were excessive; (2) pursuant to a lease agreement, Mohr Variety owed the taxes on the property; and (3) appellee needed to add Rainbow Beverage Company ("Rainbow") as a necessary party in interest, as Rainbow was also allegedly liable for the tax debt. On April 28, 2006, the trial court granted appellee's motion for summary judgment against Maunz, as trustee and owner of the property. Another judgment entry, that was also entered on April 28, 2006, additionally held that the amount of delinquent taxes, special assessments, penalties, and interest totaled $34,908.21 for the four parcels; that Bartley and the department of economic and community development were in default; that any interest Karl C. Maunz, individually, held in the property was extinguished; that Mohr Variety had a valid lease-hold interest; that Gray Brewing and the department of public utilities had valid and subsisting liens on the property; and that the property should be sold by the sheriff. The judgment entries of April 28, 2006, were joined together in a nunc pro tunc judgment, journalized on December 11, 2006, in order to make the case final and appealable.[1]
 {¶ 5} On May 26, 2006, Maunz, as trustee, filed a motion for reconsideration of the trial court's award of summary judgment. The basis for the motion was that he had established a genuine issue of material fact regarding whether Rainbow had a financial *Page 4 
interest in the property and should be added as a party defendant. Mohr Variety also filed motions for reconsideration, on May 2, 2007 and May 4, 2007, alleging that Mohr Variety and other defendants were not properly served with the complaint and/or notice of the sheriffs sale, which was filed on April 19, 2007. Appellee responded on May 7, 2007, arguing that all necessary parties were served. Following a hearing on May 8, 2007, the trial court denied the motions for reconsideration in an order journalized on May 15, 2007.
 {¶ 6} On May 22, 2007, Maunz, individually, filed a motion to be dismissed from the case or, alternatively, to have the sheriffs sale vacated. Maunz argued that he was not a real party in interest in his individual capacity and that his credit was damaged by the trial court's judgment. The trial court denied this motion on June 27, 2007.
 {¶ 7} On appeal, Karl C. Maunz, as trustee and individually, raises the following assignments of error:
 {¶ 8} "The trial court erred in its order of April 28, 2006, and subsequent nunc pro tunc order of December 17, 2006, [sic[2] ] in determining that the complaint of foreclosure complied with statutory law."
 {¶ 9} "The trial court erred in its orders of May 8, 2007, journalized May 13, 2007 [sic[3]], and June 16, 2007 [sic[4] ], in failing to vacate the sheriffs sale and to dismiss the complaint against Karl C. Maunz, individually." *Page 5 
 {¶ 10} "The trial court erred in its order of June 16, 2007 [sic[5]] in overruling the motion to dismiss the complaint against Karl C. Maunz, individually."
 {¶ 11} Maunz argues in his first assignment of error that the trial court erred in granting appellee's complaint of foreclosure pursuant to R.C. 5721.18(A). Because the amount of taxes owed was certified more than two years prior to the filing of appellee's complaint, Maunz argues that appellee had to bring its foreclosure action in an in rem proceeding pursuant to R.C. 5721.18(B), which, according to Maunz, would include naming the parcels of real property as party defendants. Appellee, however, argues that Maunz failed to raise any issue regarding R.C. 5721.18 in the trial court.
 {¶ 12} It is well-settled that a litigant's failure to raise issues for the trial court's determination in motions to dismiss, for summary judgment, or responses thereto, waives those issues for purposes of appeal. See Doe v. First United Methodist Church (1994),68 Ohio St.3d 531, 541, fn. 7; Abraham v. National City Bank Corp. (1990),50 Ohio St.3d 175, 176, fn. 1; Thompson v. Preferred Risk Mut. Ins. Co. (1987),32 Ohio St.3d 340, 342; Walker v. Firelands Community Hosp.,170 Ohio App.3d 785, 2007-Ohio-871, ¶ 13; and Hood v. Rose, 153 Ohio App.3d 199,2003-Ohio-3268, ¶ 10. See, also, *Page 6 Republic Steel Corp. v. Board of Revision of Cuyahoga Co. (1963), 175 Ohio St. 179, 184-185. Maunz argues that the issue was raised in his answers, wherein he stated that the complaint failed to state a claim upon which relief could be granted. We, however, find that the issues regarding R.C. 5721.18 were never raised for the trial court's consideration. Accordingly, we decline to consider Maunz's arguments regarding appellee's alleged non-compliance with R.C. 5721.18 for the first time on appeal. Maunz's first assignment of error is therefore found not well-taken.
 {¶ 13} Maunz argues in his second and third assignments of error that the trial court erred in failing to vacate the sheriffs sale and dismiss the complaint against Karl C. Maunz, individually. With respect to the sheriffs sale, Maunz asserts that it would be error for the property to be sold at sheriffs sale when R.C. 5721.18 has not been followed. He additionally argues that he had no individual ownership in the subject property.
 {¶ 14} Again, we find that any alleged error with respect to appellee's failure to comply with R.C. 5721.18 was not raised in the trial court and was therefore waived for purposes of appeal. We additionally find that no judgment of foreclosure was entered against Maunz as an individual. Rather, summary judgment was awarded against Maunz only in his capacity as trustee, and the judgment entry noted that any interest Maunz may have had individually in the property was extinguished.[6] Accordingly, we find that the *Page 7 
trial court did not err in denying Maunz's motion to dismiss and/or vacate the sheriffs sale. Maunz's second and third assignments of error are therefore found not well-taken.
 {¶ 15} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
[1] Although the case would have been final and appealable on December 11, 2006, the parties were not served with notice of the trial court's decision as required by Civ.R. 58(B) and 5(B). As such, the time for filing a notice of appeal never began to run.
[2] The order referred to by Maunz was file-stamped on December 7, 2006, and was journalized on December 11, 2006, not on December 17, 2006.
[3] The order referred to by Maunz was signed by the judge on May 8, 2007, but was file-stamped on May 11, 2007, and was journalized on May 15, 2007, not on May 13, 2007.
[4] The order referred to by Maunz was file-stamped on June 26, 2007, and journalized on June 27, 2007, not June 16, 2007.
[5] See fn. 4.
[6] We note that Maunz was individually named in the complaint because the title search revealed that liens on the property listed Maunz. *Page 1