OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellants, Elizabeth Arrich and Edward Arrich, appeal from the judgment entry of the Trumbull County Court of Common pleas, granting summary judgment in favor of appellees, Barbara J. Moody and Audrey J. Blaine. For the following reasons, the trial court's judgment is affirmed.
 {¶ 2} The record discloses the following facts. On July 2, 2003, appellants filed a complaint in the Trumbull County Court of Common Pleas, naming Jerry Moody, Elmer Blaine, and appellees as individual defendants. The complaint stated the following three claims for relief: (1) tortious interference with a contract; (2) slander of title; and (3) defamation. Appellants sought damages in excess of $25,000 on each claim, and reasonable attorney fees.
 {¶ 3} These claims originated from an alleged November 3, 2001 contract between appellants and Kathleen Shockey ("Kathleen") for the purchase of land located in Newton Township, Trumbull County, Ohio. Appellants averred that appellees intentionally interfered with the alleged November 3, 2001 contract through various communications with Kathleen. Accordingly, appellants concluded that these communications resulted in Kathleen's termination of the supposed contract.
 {¶ 4} Appellees filed separate, timely answers. Subsequently, appellees filed separate motions for summary judgment. The motions contended that summary judgment was proper as to the claim of tortious interference with a contract because appellees had no knowledge of the contract.
 {¶ 5} Shortly thereafter, appellants submitted a dismissal entry with the court, dismissing their claims for slander of title and defamation, with prejudice, and dismissing Jerry Moody and Elmer Blaine, with prejudice. The court accepted and signed appellants' dismissal entry.
 {¶ 6} On March 5, 2004, the trial court issued a judgment entry denying appellees' motions for summary judgment. The court found that there were genuine issues of material fact.
 {¶ 7} The parties continued engaging in discovery. Following discovery, appellees again filed separate motions for summary judgment. Both motions argued that appellants' remaining claim for tortious interference with a contract failed, as a matter of law, because appellants failed to establish the existence of a contract. Specifically, appellees argued that the alleged November 3, 2001 contract violated the statute of frauds, as Kathleen had not signed the contract and, therefore, a valid contract did not exist.
 {¶ 8} Attached to the motions for summary judgment was Kathleen's deposition testimony, which established the following facts. On August 17, 2001, appellants and Kathleen executed a contract for Kathleen's purchase of the real estate. Under the terms of the contract, Kathleen was obligated to pay appellants $25,000 for the real estate.
 {¶ 9} Kathleen testified that the terms of the August 17, 2001 contract were presented to the bank for financing. However, after evaluating the real estate, the bank only approved financing in the amount of $15,000. As a result, appellants created the alleged November 3, 2001 contract, revising the real estate's purchase price to $15,000. Kathleen testified that neither she nor her husband signed the November 3, 2001 contract.
 {¶ 10} Also, attached to the motions for summary judgment were copies of the August 17, 2001 contract and alleged November 3, 2001 contract, verifying Kathleen's testimony. Specifically, the contracts demonstrated that appellants and Kathleen originally agreed to, and signed, the August 17, 2001 contract, with a purchase price of $25,000. A copy of the supposed November 3, 2001 contract, for the same land, showed a new purchase price of $15,000. However, only appellant, Elizabeth Arrich, signed the contract. Absent was Kathleen's signature.
 {¶ 11} Appellants filed a brief in opposition to appellees' motions for summary judgment. After reviewing the arguments and evidence, the trial court determined that there were no genuine issues of material fact and reasonable minds could come to one conclusion and that conclusion was adverse to appellants. The court further determined that this judgment was a final appealable order with no just cause for delay.[1]
 {¶ 12} From this judgment, appellant has filed a timely notice of appeal and now sets forth the following assignment of error for our consideration:
 {¶ 13} "The trial court committed reversible error when it granted Appellee's [sic] Motion for Summary Judgment."
 {¶ 14} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C);Leibreich v. A.J Refrigeration, Inc., 67 Ohio St.3d 266, 268, 1993-Ohio-12.
 {¶ 15} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner,67 Ohio St.3d 337, 340, 1993-Ohio-176, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 16} The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim.Dresher at 293.
 {¶ 17} If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id.
 {¶ 18} Under their sole assignment of error, appellants argue that the trial court erred in granting appellees' motions for summary judgment. Appellants argue that, despite the absence of an actual signed contract, extraneous evidence establishes the existence of a valid, signed November 3, 2001 contract. In addition, appellants maintain that a claim of promissory estoppel overcomes the absence of a valid contract.
 {¶ 19} To prevail upon a claim of tortious interference with a contractual relationship, appellants were required to establish the following elements: (1) the existence of a contract; (2) the wrongdoer's knowledge of the contract; (3) the wrongdoer's intentional procurement of the contract's breach; (4) the lack of justification; and (5) resulting damage. Bell v. Horton (1996), 113 Ohio App.3d 363, 365. The instant case turns upon whether, due to a violation of the statute of frauds, a contract existed. If a contract did not exist, appellants' claim for tortious interference with a contractual relationship must fail.
 {¶ 20} Under Ohio's statute of frauds,
 {¶ 21} "[N]o action shall be brought * * * upon a contract or sale oflands * * * or interest in or concerning them, * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith[.]" (Emphasis added.) R.C. 1335.05. See, also, Dinunzio v. Murray, 11th Dist. No. 2003-L-213, 2005-Ohio-4047, at ¶ 24.
 {¶ 22} In short, the statute of frauds requires a written contract for the sale of land to be signed by the parties, thereby executing the contract. However, a court may enforce an oral contract for the sale of land if the parties have partially or completely performed the obligations of the contract. Dinunzio at ¶ 25.
 {¶ 23} Here, the alleged November 3, 2001 contract rendered the previous August 17, 2001 contract null and void. See, e.g., Polen v.Prines (1990), 69 Ohio App.3d 631, 637. However, the supposed November 3, 2001 contract was not signed by Kathleen. Kathleen's deposition testimony verifies that neither she nor her husband signed the proposed November 3, 2001 contract. Appellants failed to present any evidence affirmatively demonstrating that Kathleen or her husband signed the November 3, 2001 contract. The absence of a signature establishes that a valid contract did not exist. Moreover, there was no evidence of an oral contract or the partial completion of an oral contract.
 {¶ 24} As a matter of law, appellants' claim for tortious interference with a contractual relationship must fail. Thus, the trial court did not err by granting appellees' motions for summary judgment, and this portion of appellants' assignment of error is not well-taken.
 {¶ 25} Nevertheless, appellants further argue that summary judgment was not proper because a claim for promissory estoppel would overcome the absence of a signed contract.
 {¶ 26} Appellants failed to expressly or impliedly raise the issue of promissory estoppel with the trial court. It is well-established that a litigant's failure to raise an issue with the trial court waives the litigant's right to raise that issue on appeal. Hood v. Rose,153 Ohio App.3d 199, 2003-Ohio-3268, at ¶ 8. More specifically, if during a summary judgment exercise, the nonmoving party fails to raise an issue when responding to the moving party's motion for summary judgment, the nonmoving party has waived that issue on appeal. Id. at ¶ 8, citingMaust v. Meyer Products, Inc. (1989), 64 Ohio App.3d 310, 313.
 {¶ 27} Again, appellants, as the nonmoving party, failed to expressly or impliedly raise the issue of promissory estoppel with the lower court. Thus, appellants are precluded from raising this issue on appeal in an attempt to demonstrate error on the part of the trial court. Thus, this portion of appellants' assignment of error is also not well-taken.
 {¶ 28} Based upon the foregoing analysis, appellants' assignment of error is without merit. Accordingly, the trial court's grant of summary judgment is hereby affirmed.
O'Neill, J., Grendell, J., concur.
[1] Following the trial court's judgment, appellants filed a motion for relief from judgment. Attached to the motion was a purported copy of the November 3, 2001 contract, which included the signature of Kathleen's husband. Expert testimony proved that the signature of Kathleen's husband was a "sham." Accordingly, the court denied the motion for relief from judgment.