[Cite as *McDonald v. Fogel*, 2019-Ohio-1717.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ROBERT MCDONALD, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-T-0079** |
| DOROTHY M. FOGEL, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2017 CV 01045.

Judgment: Affirmed.

*Bruce M. Broyles*, The Law Offices of Bruce Broyles, 2670 North Columbus Street, Suite L, Lancaster, OH 43130 (For Plaintiff-Appellant).

*Gilbert L. Rieger* and *James M. Brutz*, Rieger, Carpenter & Daugherty, 2833 Elm Road, N.E., P.O. Box 1429, Warren, OH 44483 (For Defendants-Appellees).

MATT LYNCH, J.

{¶1} Plaintiff-appellant, Robert McDonald, appeals the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of defendants-appellees, Dorothy M. Fogel and Mary Ann Brown, both with respect to the claims raised in McDonald's Complaint and Fogel and Brown's Counter Claims. For the following reasons, we affirm the decision of the court below.

{¶2} On June 20, 2017, McDonald filed a Complaint against Fogel and Brown in the Trumbull County Court of Common Pleas, seeking the rescission of a Land

Installment Contract and compensatory damages for fraudulent concealment.

{¶3}   On July 18, 2017, Fogel and Brown filed an Answer and Counter Claims, adding the Trumbull County Treasurer as a third-party defendant.   They alleged that McDonald was in default under the terms of the Land Installment Contract and sought to foreclose the subject property.   Additionally, they sought damages for the breach of another contract involving the sale of a tractor and other equipment located on the subject property.

{¶4}   On August 4, 2017, McDonald filed a Reply to the Counter Claims and, on August 11, 2017, the County Treasurer filed an Answer.

{¶5}   On June 6, 2018, Fogel and Brown filed a Motion for Summary Judgment with respect to the claims in McDonald's Complaint and their Counter Claims.

{¶6}   On July 23, 2018, McDonald filed a Memorandum in Opposition to Summary Judgment.

{¶7}   On July 24, 2018, Fogel and Brown filed a Reply Memorandum.

{¶8}   On August 2, 2018, the trial court issued a Judgment Entry, granting Fogel and Brown's Motion for Summary Judgment.   The court found, in relevant part:

> Defendants Dorothy Fogel and Mary Ann Brown inherited a single family dwelling located at 2886 E. River Road, Newton Township, Ohio and listed it for sale with Stevens & Associates. The Defendants had not resided in the property for decades.   On June 2, 2015, Plaintiff Robert McDonald viewed the property and received a copy of the Residential Property Disclosure form as required by law.   The disclosure form indicated that the Defendants had no knowledge of any water intrusion into the foundation.
>
> On June 8, and after viewing the property, Plaintiff signed a Real Estate Purchase Agreement seeking to purchase the property for $169,900 but through a land contract.   The offer was accepted by the Defendants.   The property was sold subject to an "as-is" clause, and Plaintiff declined an inspection.   The Plaintiff began to

2

reside in the property in late June, 2015, and continued to reside there for approximately six months though the terms of the land contract were not finalized. The land contract was signed December 11, 2015, and was filed with the Trumbull County recorder on December 14, 2015. The purchase price under the Land Contract was $169,900 with a down payment of $30,800 and monthly payments of $800.00 at 0% interest to begin on January 1, 2016 and ending October 1, 2017. Paragraph 10 under the Section entitled ADDITIONAL PROVISIONS also provided for principal payments of $30,000 on or before August 30, 2016, $30,000 on or before January 30, 2017, and $33,100 on or before November 30, 2017. Thereupon the balance owed was to be paid in full by November 30, 2018.

Plaintiff failed to make any of the $800.00 monthly payments from April 1, 2017 through October 1, 2017, and has not paid any of the lump sum payments required under the contract. [Plaintiff] was also required under the contract to pay the taxes and insurance on the property, and [Plaintiff] failed to make those payments as required. Defendants also allege that the parties had a separate agreement whereby Plaintiff was to purchase the contents of a shed on the property for the sum of $7,000. Per the Affidavit of Dorothy Fogel, the Plaintiff has paid only $3,500 of that sum, with $3,500 remaining.

On page 2 of the Contract, under the section entitled ADDITIONAL PROVISIONS, paragraph (3) state[s] that "Vendee is purchasing this property in its 'as is' present condition, acknowledging that there have been no promises, representations, guarantees or warranties provided by Vendor or Vendor's Agent.["]

* * *

Plaintiff's complaint alleges that he became aware of * * * water penetration in the basement "after the land contract was executed and recorded." However, at Plaintiff's response to Interrogatory #5, he states "Water [began] leaking into the basement on or near the day Robert McDonald moved into the property. Robert McDonald became aware of the water penetration by seeing standing water and wet floors." Plaintiff testified at his deposition that even though he was aware of the water problems that he signed the land contract "Because I respected these people, and I tried to work with them is why. And I wanted, I wanted that property is why."

In his response to the Motion for Summary Judgment Plaintiff contends that though he was aware of water penetration while he resided in the property, it was minor and when he brought it to the attention of the Defendants, they represented that the water issues were minor, and Defendants knew it was false or were reckless as to whether it was true or false.

\* \* \*

In this case, the defect was discoverable—and was actually discovered by Mr. McDonald. Mr. McDonald avers that the extent of the water intrusion was not known prior to signing the land contract agreement. Nevertheless he took no steps to discover the extent of the water intrusion, waived his right to have the property inspected, and purchased the property "as is." Further, there is no evidence before the Court that the Defendants' statements about the basement [were] made falsely, with knowledge of the falsity or with any disregard as to whether it is true or false. The Defendant's [sic] affidavit avers they have not lived in the house for decades. Plaintiff, on the other hand, lived in the house for six months before finally signing the land contract agreement. He was in the best position to discover the extent of the water intrusion.

{¶9} On August 13, 2018, the trial court entered a Judgment Entry of Foreclosure.

{¶10} On August 29, 2018, McDonald filed a Notice of Appeal.

{¶11} On appeal, McDonald raises the following assignment of error:

{¶12} "[1.] The trial court erred in granting summary judgment upon the complaint when there remained a genuine issue of material fact as to whether Appellees committed fraud which would preclude the application of the doctrine of caveat emptor."

{¶13} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence \* \* \* that reasonable minds can come to but one conclusion and that

4

conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under this standard, "the appellate court must * * * independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." (Citation omitted.) *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 26.

{¶14} "In Ohio, real property sold 'as is' is subject to the doctrine of caveat emptor." *Loomis v. Troknya*, 165 Ohio App.3d 300, 2006-Ohio-731, 846 N.E.2d 101, ¶ 20 (6th Dist.); *Huegel v. Scott*, 11th Dist. Trumbull No. 2015-T-0014, 2015-Ohio-3554, ¶ 11.

{¶15} "The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor." *Layman v. Binns*, 35 Ohio St.3d 176, 519 N.E.2d 642 (1988), syllabus.

{¶16} "The elements of fraud are: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or

5

concealment, and (f) a resulting injury proximately caused by the reliance." *Burr v. Bd. of Cty. Commrs. of Stark Cty.*, 23 Ohio St.3d 69, 491 N.E.2d 1101 (1986), paragraph two of the syllabus.

{¶17} In the present case, the condition complained of, i.e., water penetration in the basement, was discoverable upon reasonable inspection and McDonald had the unimpeded opportunity to examine the premises. McDonald concedes that he was aware of water penetration in the basement when he signed the agreement to purchase the property "as is" in December 2015, but maintains that he was unaware of the potential severity of the intrusion and was dissuaded from conducting a reasonable inspection of the condition by the fraudulent representations of Fogel and Brown.

{¶18} According to the affidavit submitted by McDonald in opposition to summary judgment, he testified:

> 6. In discussing the water penetration with Defendants Dorothy Fogel and Mary Ann Brown, they represented that the water penetration was never an issue, that the water penetration was minor at best, and that any water penetration was not any more than the small amount that was experienced in June of 2015.

> 7. In discussing the water penetration with Defendants Dorothy Fogel and Mary Ann Brown, they stressed how the basement had a bar in it and had been used over the years for family gatherings.

{¶19} The trial court rejected McDonald's claim of fraud on the grounds that he failed to introduce evidence that Fogel and Brown's statements were made with actual knowledge of or reckless disregard to their falsity. On appeal, McDonald contends this was error: "if Appellees had not been in the home for decades, then they were reckless in making the statement that any water penetration was not any more than the small

6

amount that was experienced in July [sic] of 2015." Reply brief at 3.[1] Assuming, arguendo, that this evidence, construed most strongly in McDonald's favor, raises a genuine issue regarding Fogel and Brown's knowledge and/or reckless disregard, summary judgment was nevertheless appropriate as McDonald's reliance on their representations was, as a matter of law, neither justifiable nor reasonable.

{¶20} As regards the issue of whether McDonald's reliance was justifiable, we must consider "the relationship between the parties," as well as "the nature of the transaction, the form and materiality of the representation, * * * and their respective means and knowledge, as well as other circumstances." (Citations omitted.) *Tesar Indus. Contrs., Inc. v. Republic Steel*, 2018-Ohio-2089, 113 N.E.3d 1126, ¶ 50 (9th Dist.).

{¶21} In the present case, virtually every relevant factor bearing on the issue of McDonald's reliance weighs against him. On the Residential Property Disclosure Form (initialed by McDonald on June 2, 2015), Fogel and Brown indicated that they were unaware of "**any previous or current** water leakage, water accumulation, excess moisture or other defects to the property." Yet, McDonald claims that immediately upon occupying the property he noticed water leaking into the basement. At this point, McDonald should have recognized that Fogel and Brown were either lying to him or ignorant of the actual condition of the premises, in either case, rendering his reliance upon their subsequent representations that the leakage was minor unjustified.[2]

---

1. In his deposition testimony, McDonald also suggested that Fogel and Brown had actual knowledge of water penetration: "They've owned the house for years, and [Fogel's] husband did the maintenance. They put a new electrical box down there. They did several things in the house itself. They had turned on and off the water, which is downstairs in the basement."

2. We acknowledge the possibility that McDonald was lying about the water penetration, a possibility also suggested by the evidence, but are precluded from considering such possibility in light of the termination of this case by summary judgment.

{¶22} We further note that McDonald worked as a landscaper and excavator, was knowledgeable about house construction, and, unlike Fogel and Brown, lived on the property for six months prior to finalizing the agreement. McDonald's means and knowledge of the condition of the property was at least equal, if not superior, to that of Fogel and Brown.

{¶23} McDonald was willing to accept the property "as is" in June 2015, and, even after living on the property for six months and acquiring actual knowledge of water penetration, did so in December 2015. In fact, the agreement signed by McDonald in December not only stated that he was purchasing the "property in its 'as is' present condition," but also acknowledged that "there have been no promises, representations, guarantees, or warranties provided by the Vendor or Vendor's agent." McDonald's claim to have relied upon Fogel and Brown's representations regarding the severity of the water penetration contradicts his own disclaimer of such reliance in the purchase agreement.

{¶24} The sole assignment of error is without merit. *Compare Li-Conrad v. Curran*, 2016-Ohio-1496, 50 N.E.3d 573, ¶ 34 (11th Dist.) (where the buyer had "notice of potential crack problems in the * * * foundation wall," but "did not take any steps to investigate the issue or enter into further negotiations with the [vendors]," she was precluded "from asserting that she justifiably relied upon any false statements made by the [vendors]"); *Niermeyer v. Cook's Termite & Pest Control, Inc.*, 10th Dist. Franklin No. 05AP-21, 2006-Ohio-640, ¶ 40 (buyers "could not demonstrate that their reliance on any alleged representation and/or omission by [the vendor] was justified" in light of their

8

"knowledge regarding prior termite infestation and damage before they signed the second 'as-is' purchase contract").

{¶25} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of Fogel and Brown, is affirmed. Costs to be taxed against the appellant.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.