[Cite as *Forsythe Fin., L.L.C. v. Austin*, 2022-Ohio-1996.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| FORSYTHE FINANCE, LLC, | CASE NO. 2021-P-0090 |
| Plaintiff-Appellee, | |
| - v - | Civil Appeal from the<br>Municipal Court, Ravenna Division |
| BEVERLEE AUSTIN, | |
| Defendant-Appellant. | Trial Court No. 2021 CVF 00352 R |

## O P I N I O N

Decided: June 13, 2022
Judgment: Affirmed

*Timothy M. Sullivan* and *Jeffrey L. Koberg*, Law Offices of Timothy M. Sullivan, 18013 Cleveland Parkway, Suite 180, Cleveland, OH 44135 (For Plaintiff-Appellee).

*Brett E. Horton*, Horton & Horton Co., LPA, Tower at Erieview, Suite 1410, 1301 East Ninth Street, Cleveland, OH 44114 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Beverlee Austin ("Austin"), appeals the trial court's order granting summary judgment in favor of appellee, Forsythe Finance, LLC ("Forsythe"). We affirm.

{¶2} On February 22, 2021, Forsythe filed a complaint, alleging that Austin entered into a loan agreement and promissory note ("Loan Agreement") with Bastion Funding OH I, LLC ("Bastion"), now owned by Forsythe. Attached to the complaint are copies of the bills of sale and assignments showing the account transfers, ending with a transfer from Huntington Debt Holding LLC to Forsythe on December 20, 2019. Also attached to the complaint are copies of the original Loan Agreement between Austin and

Bastion and the corresponding credit services agreement between Austin and SunUp Financial LLC ("SunUp"), dated November 3, 2017.

{¶3} The credit services agreement provides that Austin agreed to pay a fee of $4,553.70 in exchange for SunUp's assistance in arranging for an installment loan between Austin and a lender and providing a guaranty to the lender insuring repayment. SunUp arranged for the loan between Austin and Bastion. Austin received a direct cash payment of $2,250.00, and the $4,553.70 fee was also distributed to SunUp via loan proceeds, resulting in a principal loan amount of $6,803.70. Under the terms of the Loan Agreement, Austin was to make 31 payments of $254.06. Forsythe alleged that Austin defaulted on the loan and that $7,292.89 was due and owing.

{¶4} Austin answered, pro se, denying all allegations in the complaint.

{¶5} On April 12, 2021, Forsythe served Austin with "Plaintiff's First Set of Request for Admissions and Interrogatories to Defendant" and filed a notice of service with the trial court on April 15, 2021. The request for admissions included requests for Austin to admit that she entered into the Loan Agreement with Bastion, that she electronically executed the Loan Agreement by clicking the "I HAVE READ AND AGREE" box, that she received the loan amount of $2,250.00 from Bastion, and that she resided at the address utilized in connection with the Loan Agreement. One of the interrogatories requested Austin to state the amount of money she owes to Bastion.

{¶6} Austin failed to respond to the discovery requests within the 28 days provided in Civ.R. 33(A)(3) and Civ.R. 36(A)(1). On May 14, 2021, the trial court granted Austin an additional 45 days to respond. Austin did not respond within this time period, nor did she request additional time to respond.

2

Case No. 2021-P-0090

{¶7} On July 22, 2021, Forsythe filed its motion for summary judgment based in part upon Austin's failure to respond to the request for admissions and interrogatories. That same day, Austin filed a late response to the discovery requests with the trial court. In addition to the response being untimely, it was unsigned, unsworn, and unserved.

{¶8} The trial court issued an order setting a non-oral hearing on the summary judgment motion 21 days from the date of the entry, which would have been August 12, 2021. The order advised that "[a]ll memorandums and evidence opposing such motion must be filed with this Court prior to the scheduled hearing date." Austin did not respond to the motion for summary judgment, nor did she request additional time to respond.

{¶9} On August 13, 2021, the trial court granted summary judgment in favor of Forsythe and against Austin in the amount of $7,292.89 plus interest and costs.

{¶10} Austin appeals, raising one assignment of error:

{¶11} "Trial court erred in granting summary judgment as there was a genuine issue of material fact."

{¶12} Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

Civ.R. 56(C).

3

Case No. 2021-P-0090

{¶13} When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

Civ.R. 56(E).

{¶14} "However, * * * even where the nonmoving party fails *completely* to respond to the motion, summary judgment is improper unless reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party." (Emphasis sic.) *Morris v. Ohio Cas. Ins. Co.*, 35 Ohio St.3d 45, 47, 517 N.E.2d 904 (1988), citing *Toledo's Great Eastern Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.*, 24 Ohio St.3d 198, 494 N.E.2d 1101 (1986). "Accordingly, as the burden is upon the moving party to establish the non-existence of any material factual issues, the lack of a response by the opposing party cannot, of itself, mandate the granting of summary judgment." *Morris* at 47. Therefore, notwithstanding Austin's lack of response to Forsythe's motion, Forsythe is not entitled to summary judgment "absent proof that such judgment is, pursuant to Civ.R. 56(C), appropriate." *Id.*

{¶15} When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. Rather, all doubts and questions must be resolved in the non-moving party's favor. Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn.

*Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶ 6, citing *Dupler v. Mansfield Journal Co.,* 64 Ohio St.2d 116, 121, 413 N.E.2d 1187 (1980), *Murphy v. Reynoldsburg,* 65 Ohio St.3d 356, 359, 604 N.E.2d 138 (1992), and *Pierson v. Norfork*

4

Case No. 2021-P-0090

*Southern Corp.,* 11th Dist. Ashtabula No. 2002-A-0061, 2003-Ohio-6682, ¶ 36. "In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Meloy* at ¶ 6, quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-252 (1986).

{¶16} "On appeal, we review a trial court's entry of summary judgment de novo, i.e., 'independently and without deference to the trial court's determination.'" *Superior Waterproofing, Inc. v. Karnofel*, 11th Dist. Trumbull No. 2017-T-0010, 2017-Ohio-7966, ¶ 19, quoting *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993) and citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶17} Austin contends the trial court erred in granting summary judgment, notwithstanding her failure to respond to Forsythe's motion, because a genuine issue of material fact exists as to whether she entered into a loan transaction with Bastion, now owned by Forsythe.

{¶18} Forsythe's motion for summary judgment was supported by the loan documents attached to its complaint as well as the affidavit of Forsythe's managing member attached to the motion for summary judgment, who averred that the amount of $7,292.89 is due and owing from Austin on the referenced account owned by Forsythe as assignee of Bastion. This evidence was sufficient to shift the burden to Austin to establish a genuine issue of material fact.

{¶19} Austin relies on her untimely response to Forsythe's request for admissions and interrogatories, in which she denied entering into the Loan Agreement with Bastion;

5

denied that she resided at the address utilized in connection with the Loan Agreement; denied electronically executing the Loan Agreement; denied or did not recall receiving the loan amount of $2,250.00 from Bastion; and answered that she owed no money to Bastion.

**{¶20}** Civ.R. 36(A)(1), pertaining to requests for admissions, provides:

> * * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Thus, failure to timely respond or to respond at all will result in the requested matter being deemed admitted. *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67, 485 N.E.2d 1052 (1985). "Any matter admitted under Civ.R. 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Id.*, citing Civ.R. 36(B).

**{¶21}** Here, the requested matter was deemed admitted and conclusively established when Austin failed to timely respond to the request for admissions. Her untimely response was filed the same day as, but subsequent to, Forsythe's motion for summary judgment. And she did not request the court to amend or withdraw her previous admissions. Accordingly, the admissions conclusively established that she entered into the Loan Agreement with Bastion and received the $2,250.00 loan amount.

**{¶22}** Moreover, Civ.R. 33(A)(3) provides that answers to interrogatories must be signed, sworn to, and served upon the party who submitted them:

> Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. * * * The answers are to be signed by the person making them,

6

and the objections signed by the attorney making them. The party upon whom the interrogatories have been served shall serve a copy of the answers and objections within a period designated by the party submitting the interrogatories, not less than twenty-eight days after the service of the interrogatories or within such shorter or longer time as the court may allow.

"Civ.R. 33(A) mandates that answers to interrogatories be signed, sworn to and served upon the party submitting them." *Allstate Ins. Co. v. Rule*, 64 Ohio St.2d 67, 70, 413 N.E.2d 796 (1980). The use of a nonconforming document in determining the merits of a claim is erroneous. *Id.*; *see also Kabbaz v. Prudential Ins. Co. of America*, 27 Ohio App.3d 254, 255, 501 N.E.2d 43 (3rd Dist.1985) and *Cutcher v. H.B. Magruder Mem. Hosp.*, 6th Dist. Ottawa No. OT-05-013, 2005-Ohio-6135, ¶ 19 (the use of a nonconforming document in determining a motion for summary judgment is erroneous). Accordingly, because Austin's response to the interrogatory was not signed, sworn to, or served upon Forsythe, the trial court was not permitted to consider her answer that she owes no money to Bastion.

{¶23} Austin's admissions, central to Forsythe's claim, and her failure to put forth evidence in opposition to the summary judgment motion, leave no genuine issue of material fact in dispute. The trial court did not err in granting summary judgment in favor of Forsythe.

{¶24} Austin's sole assignment of error is without merit.

{¶25} The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.


MARY JANE TRAPP, J.,
JOHN J. EKLUND, J.,
concur.

7

Case No. 2021-P-0090