**[Cite as *Alberini v. Raptis*, 2024-Ohio-6004.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| JEFFREY ALBERINI, et al., | **CASE NO. 2024-T-0029** |
| Plaintiffs-Appellees, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| JOHN RAPTIS, et al., | |
| Defendants-Appellants. | Trial Court No. 2022 CV 00602 |

**O P I N I O N**

Decided: December 23, 2024
Judgment: Affirmed

*Matthew M. Ries*, Harrington, Hoppe & Mitchell, LTD., 108 Main Avenue, S.W., Suite 500, Warren, OH 44481 (For Plaintiffs-Appellees).

*Michael A. Partlow*, P.O. Box 1562, Stow, OH 44224 (For Defendants-Appellants).

EUGENE A. LUCCI, P.J.

{¶1}    Appellants, John and Catherine Raptis, appeal the judgment of the Trumbull County Court of Common Pleas granting summary judgment in favor of appellees, Jeffrey and Kristen Alberini.

{¶2}    At issue in this appeal is whether the trial court properly granted summary judgment in the Alberinis' favor after the Raptises failed to respond for requests for admissions (which were deemed admitted) and failed to contest the Alberinis' motion for summary judgment, which was accompanied by affidavits in support of the filing. For the following reasons, we find no plain error and affirm the judgment of the trial court.

{¶3} On May 9, 2022, the Alberinis filed a complaint against the Raptises. The complaint alleged that the Alberinis purchased a residence from the Raptises, who made false representations on the Residential Property Disclosure Form by stating that there were no drainage issues and no history of water intrusion in the basement. The complaint alleged that, after moving in, the Alberinis discovered that a large portion of the back yard became unusable following rainfall and, also, there was water entering the basement.

{¶4} According to the complaint, "[a]fter moving into the home, [the Alberinis] discovered significant drainage issues in the backyard as well as water intrusion in the basement. Specifically, after a rainfall, the backyard remains wet and soggy for several weeks, even during extended dry periods in the summer, rendering a large portion of the backyard virtually unusable."

{¶5} The complaint pointed out that the Alberinis encountered "disproportionately high grass and ruts in the ground . . . upon move in . . ." Additionally, the Alberinis asserted that, after noticing the backyard drainage issues, they immediately "noticed water entering the basement and trickling down the backwall." The complaint suggests these stains, while ostensibly visible despite the rainfall, demonstrated water intrusion "had been a problem for years at the home."

{¶6} Based on the high grass and ruts, the Alberinis claimed the Raptises would have been aware of the drainage issues in the backyard and, based on the stains in the basement, would have been aware of water intrusion issues. The complaint alleged the Alberinis became aware that the Raptises removed a previously installed French-drain system, thereby causing the drainage issues. The complaint raised causes of action for breach of contract and fraud. The Raptises filed an answer on July 13, 2022.

2

**{¶7}** On November 2, 2022, the Alberinis filed a Motion to Deem Admitted Requests for Admissions. The motion alleged that the Raptises did not respond to their requests for admissions pursuant to Civ.R. 36(A). The court issued a judgment entry on December 21, 2022 granting the motion.

**{¶8}** The admissions included the following: that the Raptises knew the back yard had drainage issues and there was water intrusion in the basement when they sold the property to the Alberinis; that the Raptises knew the backyard of the property was experiencing standing water issues when they sold it to the Alberinis; that the Raptises intentionally misrepresented the existence of drainage and water intrusion issues on the Residential Property Disclosure Form; that the Raptises' removal of trees in the backyard damaged the French-drain system and resulted in the backyard being improperly graded; and that the Raptises intentionally misrepresented other issues with the house on the disclosure form.

**{¶9}** On February 3, 2023, the Alberinis filed a motion for partial summary judgment. They argued that, given the Raptises' admissions, summary judgment should be granted on their claims for fraud and breach of contract. The Raptises did not file a response.

**{¶10}** On July 20, 2023, the trial court issued a judgment entry granting summary judgment in favor of the Alberinis on the issue of liability for fraud, finding that the Raptises did not indicate water intrusion issues existed at the property on their disclosure form. It found that the breach of contract claim was "barred" because of the "as-is" clause in the real estate purchase agreement. It found that the case should proceed on the issue of damages.

3

{¶11} A trial was held on the issue of damages before the magistrate. The magistrate issued a decision on November 13, 2023, ordering the Raptises to pay compensatory damages in the amount of $24,769.23. Judgment was issued in favor of the Raptises on the issues of punitive damages and attorney fees. The trial court issued a Judgment Entry on March 6, 2024, adopting the magistrate's decision and entering judgment consistent with that decision.

{¶12} The Raptises timely appeal and raise the following assignment of error:

{¶13} "The trial court committed plain error by granting partial summary judgment to appellees."

{¶14} The Raptises argue that the trial court erred by "rewriting the law" of caveat emptor by failing to apply it to this case.

{¶15} We initially address the applicable standard of review. Both parties contend that this matter should be reviewed under a plain error standard since the Raptises failed to file objections to the magistrate's decision.

{¶16} Civ.R. 53(D)(3)(b)(iv) provides: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion [made in a magistrate's decision] . . . unless the party has objected to that finding or conclusion . . . ." The plain error doctrine "may be applied only in the extremely rare case involving exceptional circumstances where error . . . seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 1997-Ohio-401, syllabus.

Case No. 2024-T-0029

{¶17} Here, the magistrate's decision related only to the amount of damages. The Raptises do not take issue with the findings on damages but instead assert that summary judgment should not have been granted. Summary judgment was not granted in a magistrate's decision but in a judgment entry issued by the trial court judge.

{¶18} With this important point in mind, the analysis of the Raptises' appeal is still governed by a plain-error standard of review. The dissent notes that "even where the nonmoving party fails *completely* to respond to the motion, summary judgment is improper unless reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party." (Emphasis sic.) *Forsythe Finance, LLC v. Austin*, 2022-Ohio-1996, ¶ 14 (11th Dist.) The dissent concludes we must proceed with a de novo review of the Raptises' assigned error.

{¶19} We do not dispute this point of law set forth in *Forsythe Finance*. Nevertheless, we are not bound by a de novo standard of review where a party fails to respond to a motion for summary judgment and then raises a theory on appeal upon which the trial court did not pass or have an opportunity to consider. *Arrich v. Moody*, 2005-Ohio-6152, ¶ 26 (11th Dist.); *Hood v. Rose*, 2003-Ohio-3268, ¶ 10 (4th Dist.).

{¶20} If the nonmoving party fails to raise an issue when responding to the moving party's motion for summary judgment, the nonmoving party has forfeited that issue on appeal. *See, e.g., Great Lakes Window, Inc. v. Resash, Inc.*, 2007-Ohio-5378, ¶ 24 (11th Dist.); *Sovereign Bank, N.A. v. Singh*, 2015-Ohio-3865, ¶ 11 (9th Dist.) ("When the non-moving party fails to raise an argument when responding to the motion for summary judgment, the party forfeits the right to raise that argument on appeal."); *Whitson v. One Stop Rental Tool & Party*, 2017-Ohio-418, ¶ 17-18 (12th Dist.) (A party appealing a

5

summary judgment ruling cannot advance new theories or raise new issues to secure reversal.); *Hanick v. Ferrara*, 2020-Ohio-5019, ¶ 115 (7th Dist.) ("The appellate court need not rule on a new legal argument which was [forfeited] by failing to raise it with the trial court when responding to a summary judgment motion."); *Tchankpa v. Ascena Retail Group, Inc.*, 2020-Ohio-3291, ¶ 20 (10th Dist.) ("The failure to raise an argument in response to a motion for summary judgment [forfeits] the argument for purposes of appellate appeal.").

**{¶21}** The Raptises did not dispute the Alberinis' motion for summary judgment. Consequently, *any* defense to the motion was forfeited by virtue of the Raptises' failure to respond. We may therefore only review this matter for plain error and, moreover, it is "within the appellate court's discretion to consider forfeited issues for plain error." (Citation omitted.) *Bahgat v. Kissling,* 2018-Ohio-2317, ¶ 32 (10th Dist.). Even in exercising this discretion, we conclude the trial court did not commit plain error.

**{¶22}** Plain error is an obvious and prejudicial error that affects the character and confidence of the underlying proceedings. *Goldfuss*, 79 Ohio St.3d at 121 (1997). The doctrine of plain error is disfavored in civil cases and should be applied in extremely rare circumstances. *Id.* Reviewing courts must "proceed with the utmost caution" when applying the plain-error doctrine in a civil case. *Id.*

**{¶23}** Plain error occurs only when there is a conspicuous deviation from a legal rule that affected the defendant's substantial rights by prejudicially shaping the outcome of the proceedings. *See In re A.D.*, 2023-Ohio-276, ¶ 55 (7th Dist.). Again, a court should find plain error in the "extremely rare case involving exceptional circumstance where error, to which no objection was made at the trial court, seriously affects the basic

6

fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss*, at syllabus. In sum, this court should not notice plain error unless a trial court's judgment is so clearly erroneous as to result in grave unfairness or a miscarriage of justice. *See, e.g., Bankers Standard Ins. Co. v. Bradac*, 1997 WL 358527, *2 (11th Dist. June 20, 1997).

{¶24} With this elevated standard in mind, we conclude there is no genuine issue of material fact relating to the fraud allegation on the element of justifiable reliance. Because the Raptises did not oppose the Alberinis' motion, the defense of caveat emptor was not before the trial court. Nevertheless, the Raptises appear to maintain the trial court was required to raise the defense on their behalf sua sponte. We disagree with this suggestion, but shall provide an overview of the defense given the Raptises' claim.

{¶25} "'In Ohio, real property sold "as is" is subject to the doctrine of caveat emptor'" or "let the buyer beware." *McDonald v. Fogel,* 2019-Ohio-1717, ¶ 14 (11th Dist.), quoting *Loomis v. Troknya*, 2006-Ohio-731, ¶ 20 (6th Dist.); *Waleszewski v. Angstadt*, 2004-Ohio-335, ¶ 18 (11th Dist.). "The doctrine of caveat emptor, although virtually abolished in the area of personal property, remains a viable rule of law in real estate sales." (Citation omitted.) *Layman v. Binns*, 35 Ohio St.3d 176, 177 (1988).

{¶26} "'The doctrine of caveat emptor is designed to finalize real estate transactions by preventing disappointed real estate buyers from litigating every imperfection existing in residential property.'" *Goddard v. Stabile*, 2009-Ohio-6375, ¶ 25 (11th Dist.), quoting *Thaler v. Zovko*, 2008-Ohio-6881, ¶ 31 (11th Dist.). "The doctrine of *caveat emptor* precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable

7

upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor." *Layman* at syllabus.

{¶27} The Raptises cite *Oryann, Ltd. v. SL & MB, L.L.C.*, 2015-Ohio-5461 (11th Dist.) for the proposition that caveat emptor precludes recovery where the defect was observable to the buyer. *Oryann* provides that the doctrine applies in real estate sales "'"relative to conditions open to observation."'" *Id.* at ¶ 48, quoting *Layman* at 177, quoting *Traverse v. Long*, 165 Ohio St. 249, 252 (1956). "Where those conditions are discoverable and the purchaser has the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor *not so reprehensible in nature as to constitute fraud.*" (Citation omitted.) (Emphasis added.) *Oryann* at ¶ 48, quoting *Layman* at 177, quoting *Traverse* at 252. It further sets forth the same standard cited above from *Layman*, which precludes recovery where the defect is open to observation, there was unimpeded opportunity to examine the property, and there was no fraud by the vendor. *Oryann* at ¶ 49, citing *Bencivenni v. Dietz*, 2013-Ohio-4549, ¶ 45 (11th Dist.).

{¶28} Regarding this standard, courts have held that "[a]ll three elements must concurrently occur to make the defense available to the sellers; if [one] element is missing, then the defense was unavailable." *Tucker v. Kritzer*, 54 Ohio App.3d 196, 198 (3d Dist. 1988); *Lamberjack v. Priesman*, 1993 WL 24482, *4 (6th Dist. Feb. 5, 1993). Courts have consistently concluded that if fraud is present, this precludes the application of the doctrine of caveat emptor. *Cardi v. Gump*, 121 Ohio App.3d 16, 22 (8th Dist. 1997) ("[i]t is clear that the doctrine of caveat emptor cannot be used to protect a vendor if the

Case No. 2024-T-0029

buyer can prove fraud"); *Jones v. Gilbert*, 2023-Ohio-754, ¶ 13 (3d Dist.) ("neither the doctrine of caveat emptor nor the presence of an 'as is' clause forecloses a buyer from recovery when the seller has perpetrated a fraud"); *Lapos Constr. Co v. Leslie*, 2006-Ohio-5812, ¶ 14 (9th Dist.) ("[t]he doctrine of caveat emptor is nullified by a fraudulent misrepresentation or fraudulent failure to disclose").

{¶29} In the present matter, there were allegations of fraud made against the Raptises in relation to representations on the property-disclosure form. The Raptises failed to respond to admissions and various facts were deemed admitted, including that the Raptises knew the backyard had drainage issues and that there was water intrusion in the basement, they caused these issues due to damaging the drain system, and they intentionally misrepresented the existence of these issues on the Residential Property Disclosure Form. These allegations formed the basis for summary judgment on the claim for fraud.

{¶30} The trial court made findings relating to fraudulent concealment and fraudulent misrepresentation. The elements which constitute the basis for a claim of fraudulent misrepresentation are:

> "'(1) a representation, or where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying on it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.'''"

Bencivenni, 2013-Ohio-4549, at ¶ 43 (11th Dist.), quoting *Kimball v. Duy*, 2002-Ohio-7279, ¶ 23, quoting *Cardi v. Gump*, 121 Ohio App.3d 16, 22 (8th Dist. 1997).

9

Case No. 2024-T-0029

"The elements of fraudulent concealment are essentially the same: (1) actual concealment of a material fact, (2) with knowledge of the fact concealed, (3) and with the intent to mislead another into relying upon it; (4) justifiable reliance on the concealment; and (5) injury proximately caused by the reliance." (Citation omitted). *Evon v. Walters*, 2021-Ohio-3475, ¶ 15 (11th Dist.).

{¶31} In determining whether reliance is justifiable, "'courts consider the various circumstances involved, such as the nature of the transaction, the form and materiality of the representation, the relationship of the parties, the respective intelligence, experience, age, and mental and physical condition of the parties, and their respective knowledge and means of knowledge.'" *Bencivenni* at ¶ 49, quoting *Finomore v. Epstein*, 18 Ohio App.3d 88, 90 (8th Dist. 1984).

{¶32} The Raptises claim the so-called obvious nature of the defects create an issue of material fact for trial on the justifiable-reliance prong of fraudulent concealment. Had the Raptises opposed the motion for summary judgment, couched its argument on the doctrine of caveat emptor, and asserted a lack of justifiable reliance as a result, our opinion of this case could be different. The Raptises, however, did not do so and it is not the duty of the court to meet a defending party's reciprocal burden on appeal. Civ.R. 56(E).

{¶33} The Raptises point to the mutually acknowledged evidence (or, alternatively, evidence deemed admitted) of high grass and ruts in the backyard as well as the stains on the floor and wall in the basement as a foundation for their argument that there was "undisputed evidence" of notice sufficient to create a genuine issue of material fact. In light of the record, these points are not undisputed evidence sufficient to establish

10

notice and, as such, we hold the trial court did not commit plain error in concluding the Alberinis established justifiable reliance as a matter of law.

{¶34} The admissions show the Raptises had knowledge of the backyard drainage issues and that the basement had experienced water intrusion; that they intentionally misrepresented these problems on the disclosure form; and that they had knowledge that a French drain system was damaged which resulted in the backyard being improperly graded.

{¶35} The Alberinis were entitled to rely upon the admissions. Moreover, the Alberinis stated in their affidavits submitted with their motion for summary judgment that they relied upon the disclosure form. And, irrespective of the backyard's or the basement's appearance, they could reasonably and justifiably conclude that, in light of the Raptises statements on the disclosure form, there was no issue regarding the drainage in the yard or water problems in the basement. After all, the mere appearance of a problem does not necessarily imply there is a problem, especially where a seller expressly states no such problem exists. Ruts in a yard along with overgrowth do not reasonably imply one's yard would become unusable after a rainfall; similarly, stains on a basement wall could be reasonably viewed, in light of the disclosure form, as signs of previous problems that had been remediated.

{¶36} The Alberinis met their initial burden demonstrating there was no genuine issue of material fact for trial. The Raptises failed to meet their reciprocal burden. To conclude the trial court was obligated to shoulder this burden turns the adversarial system on its head. While we must view the facts in a light most favorable to the nonmoving party, this does not mean we must (or the trial court must) stand in the shoes of the nonmoving

11

Case No. 2024-T-0029

party to advance arguments in aid of its success. This is what the dissenting opinion proposes.

{¶37} To this point, the dissent would hold the trial court committed plain error by not identifying, sua sponte, the doctrine of caveat emptor as a defense to the Alberinis' motion. Specifically, the dissent maintains the Alberinis needed to "beware" of the purchase because the defects were obvious and they could have independently inspected the property. As a result, the dissent concludes the trial court plainly erred in concluding the Alberinis' justifiably relied on the Raptises' representations in the disclosure form. The dissent, in effect, holds there is undisputed evidence (that the *trial court* should have recognized) demonstrating the Alberinis had sufficient notice of the drainage issues and a history of water intrusion into the basement. This analysis re-invents the summary-judgment process.

{¶38} Because the Alberinis satisfied their burden under Civ.R. 56(C), the Raptises, not the trial court, had the reciprocal burden to present some specific facts demonstrating a genuine issue of material fact for trial. The Raptises, however, made no response to the Alberinis' motion and accordingly raised no genuine issue of material fact. The Raptises, not the trial court, bore the responsibility of pointing to some evidence in the record, and supporting it, to raise such issues of fact. *See* Civ.R. 56(E) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). Where, as here, the Raptises did

12

not respond, and thus failed to meet their burden, summary judgment was appropriate in favor of the Alberinis.

{¶39}  The Supreme Court of Ohio has made it clear that the nonmoving party must respond when the moving party has met its initial burden:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, *if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.*

(Emphasis added in part.) *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶40}  Without filing a memorandum in opposition, the Raptises did not attempt to meet their reciprocal burden, and the only way they can assert there was undisputed evidence that the Alberinis were on notice of the defects is to assert that the trial court had a duty to essentially advocate on the Raptises' behalf. While we must construe the facts in a light most favorable to the nonmoving party, this does not mean we disregard the averments and arguments in the moving party's motion to reach a conclusion in the nonmoving party's favor. This is especially true where, as here, the nonmoving party did

13

Case No. 2024-T-0029

essentially nothing to defend against the motion in the lower court and admitted facts which reasonably justify reliance as a matter of law.

{¶41} The trial court's judgment did not affect the basic fairness or integrity of the judicial process or call into question the legitimacy of the underlying judicial process itself. The trial court, therefore, did not commit plain error in granting Alberinis' motion for summary judgment.

{¶42} Appellants' assignment of error is without merit.

{¶43} The judgment of the Trumbull County Court of Common Pleas is affirmed.


ROBERT J. PATTON, J., concurs,

MATT LYNCH, J., dissents with a Dissenting Opinion.

_____

MATT LYNCH, J., dissents with a Dissenting Opinion.

{¶44} I dissent from the majority's opinion and judgment affirming the trial court's decision to grant the Alberinis' motion for summary judgment. Given that there is at least a genuine issue of material fact as to whether the Alberinis justifiably relied on the Raptises' statements on their residential property disclosure form, summary judgment could not be properly granted and the judgment must be reversed.

{¶45} The majority's disposition of this matter centers primarily around its determination that a plain error standard of review applies because the Raptises failed to respond to the Alberinis' motion for summary judgment. This is contrary to the precedent of this court, which has applied a de novo standard of review in similar circumstances.

14

Case No. 2024-T-0029

*Forsythe Fin., LLC v. Austin*, 2022-Ohio-1996, ¶ 16 (11th Dist.). In *Forsythe*, this court held that, "even where the nonmoving party fails *completely* to respond to the motion, summary judgment is improper unless reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party." (Emphasis sic.) *Id.* at ¶ 14, citing *Morris v. Ohio Cas. Ins. Co.*, 35 Ohio St.3d 45, 47 (1988). "[A]s the burden is upon the moving party to establish the non-existence of any material factual issues, the lack of a response by the opposing party cannot, of itself, mandate the granting of summary judgment." (Citation omitted.) *Id.* (the moving party "is not entitled to summary judgment 'absent proof that such judgment is, pursuant to Civ.R. 56(C), appropriate'"). While the majority argues that this holding does not preclude the application of a plain error standard, it is unclear why a plain error standard would be utilized here when it was not in *Forsythe*. The majority contends that "we are not bound by a de novo standard of review where a party fails to respond to a motion for summary judgment and then raises a theory on appeal upon which the trial court did not pass or have an opportunity to consider," citing *Arrich v. Moody*, 2005-Ohio-6152, ¶ 26 (11th Dist.). However, in *Forsythe*, the appellant similarly had not previously raised the issues advanced on appeal given her failure to respond to the summary judgment motion, yet a de novo standard was applied. Nonetheless, in the present matter, the issue in contention is not a theory which the lower court did not have an opportunity to consider but, rather, the Alberinis' failure to establish a basic element of the fraud claim: justifiable reliance on the Raptises' disclosures. If *Arrich* prevented any unraised argument from being addressed, which would be the case whenever a non-moving party fails to file a summary judgment response, it would render *Forsythe* meaningless.

15

Case No. 2024-T-0029

**{¶46}** It must be emphasized that summary judgment is not the same as default judgment. The moving party does not prevail on summary judgment simply because the other party fails to respond. The law requires that the moving party establish the non-existence of any material factual issues, even where the non-moving party fails to file a response. *Forsythe* at ¶ 14. It is thereby necessary to require the trial court to determine that there is no genuine issue of fact as to the basic elements of a claim before ruling in favor of a plaintiff on summary judgment. *See Smith v. McDiarmid*, 2022-Ohio-2151, ¶ 30 (10th Dist.) ("[t]o survive a motion for summary judgment, a plaintiff must produce some evidence to support each element of the claim for breach of contract"). Otherwise, it would be the case that, if there is no response to a motion for summary judgment, the moving party could automatically prevail with only a cursory review. Further, even presuming the applicable standard should be characterized as one of plain error, it would be plain error not to comply with Civ.R. 56(C)'s requirement to demonstrate that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made.

**{¶47}** A review of the facts alleged and the elements of a fraud claim demonstrates that the Alberinis failed to establish the non-existence of any material factual issues regardless of the Raptises' action or inaction. The Alberinis' Complaint alleged that the Raptises should have been aware of water concerns based on "disproportionately high grass and ruts in the ground" and that, "[b]ased on the stains on the floor and the wall, the water had been leaking into the basement for a long time." These allegations indicate that the water issues were visible not only to the Raptises, but were or should have been visible to the Alberinis. At the least, it creates a question of

16

fact as to the issue of justifiable reliance on the Raptises' disclosures. "A buyer's reliance on a seller's fraudulent misrepresentation or concealment 'is not justifiable, as a matter of law, where undisputed evidence demonstrates that the buyer had other sufficient notice of the . . . issue before closing on the home.'" (Citation omitted.) *Jones v. Gilbert*, 2023-Ohio-754, ¶ 16 (3d Dist.).

{¶48} In instances where there were visible signs of water damage and water stains, courts have held that the buyers should have done further investigation and there was no justifiable reliance on disclosures made by the sellers. *Fleck v. Loss Realty Group,* 2011-Ohio-152, ¶ 23-24 (6th Dist.) (where the buyers were aware that there was water damage in the basement and a nearby creek was prone to flooding, they "should have known that the information supplied by [the sellers] was, at a minimum, incomplete and they should have conducted a more thorough investigation of the flooding issue"); *Bencivenni v. Dietz*, 2013-Ohio-4549, ¶ 51 and 61 (11th Dist.) (the buyers "should have been aware that leaks were a problem" since there were "signs of water damage, seepage, and water stains" which warranted additional inspection and "[t]here is no indication that they should have relied on Dietz's representations alone"); *Good v. McElhaney*, 1998 WL 682328, *10 (4th Dist. Sept. 30, 1998) ("[b]ecause the foundation damage was open to observation, appellants were not justified in relying upon any statements by appellees that no damage existed").

{¶49} The majority contends that, "irrespective of the backyard's or the basement's appearance, the [Alberinis] could reasonably and justifiably conclude that, in light of the Raptises' statements on the disclosure form, there was no issue regarding the drainage in the yard or water problems in the basement." *Supra* at ¶ 35. While a

17

disclosure is required and can result in recovery against the seller where the intentional nondisclosure harms a buyer, there must still be justifiable reliance on such disclosure to prevail on a fraud claim. This court has held that "the disclosure form is not a substitute for a buyer's inspection" and "[t]he duty under the statute to conduct a full inspection falls upon the buyer, not the seller." (Citation omitted.) *Evon v. Walters*, 2021-Ohio-3475, ¶ 17 (11th Dist.). Pursuant to *Evon*, "if a reasonable inspection would have disclosed the alleged defect, and the buyer was not impeded in conducting an inspection, it cannot be said that the buyer justifiably relied on the property disclosure form." *Id.* As outlined above, the Alberinis themselves alleged that the defects were readily observable.

{¶50} Based on the foregoing, the majority's assertion that the Raptises did not meet their reciprocal burden lacks merit. It is accurate that once a moving party has satisfied its initial burden of demonstrating an absence of an issue of material fact, the nonmoving party then has the burden of showing there exists a genuine issue of material fact. Civ.R. 56(C) and (E). However, the Alberinis did not satisfy their initial burden because they made factual claims that disproved their own theory of the case and which raised issues as to whether reliance was justifiable. The Raptises do not have the burden of disproving facts asserted in the Alberinis' own affidavit which raise material questions of fact.

{¶51} For the foregoing reasons, I respectfully dissent from the majority's opinion since the grant of summary judgment in favor of the Alberinis failed to comply with the requirements of Civ.R. 56(C) and was improper given the existence of a genuine issue of material fact on the elements of the fraud claim.

Case No. 2024-T-0029